FANNY KYLE, et al., Appellants, v. GEORGE A. KYLE, Executor, etc., Respondent.

The provisions of the Revised Statutes giving a widow damages for withholding dower (1 R. S., 742, § 19, *et seq.*), were intended to prescribe the sole rule to determine the amount thereof; and by and under the statute alone can she now recover, either at law or in equity.

As to whether an executor of an heir at law has the right to charge the estate of his testator, or expend the assets in his hands, for the payment of arrears of dower, where dower has not been assigned, *quære.*

J. died in 1856, intestate, leaving a widow and five children. G. and D., two of the children, bought out the interests of the others in certain real estate of which J. died seized, and subsequently G. conveyed his interest to D. D. died in March, 1871, leaving a will of which G. was executor; he, in January, 1873, allowed to the widow of J., for the arrears of her dower, the value of the use of one-third of the real estate for six years prior to the testator's death, and gave his promissory note to her for the amount, deducting a sum paid by the testator in his lifetime. No dower had been admeasured or demanded, and no action to recover the same had been commenced. The amount of the note was allowed to the executor on settlement of his accounts by the surrogate. *Held,* error; that the allowance, if it could be sustained at all, must stand in the place of a judgment for damages; and, as the said statute (§ 20) only allows damages to be estimated for six years prior to a judgment therefor, the allowance could only be for a period beginning six years

prior to the time it was made, and ending at the testator's death, about four years and two months; also, that as, by said statute (§ 20), the widow is only entitled to recover damages of other persons than the heirs of her husband, from the time of demanding dower of them, and as, although the testator was an heir, yet he inherited but an undivided one-fifth, and derived title to four-fifths of the lands by grant, for the value of the use of those four-fifths he was liable only from the time demand was made; and, no demand having been made, he was only liable for one-fifth of the use for the period above stated; and that, therefore, the executor had no authority to pay the widow her damages out of the assets of the estate, upon the basis adopted, still less to charge the estate by an executory contract to make such payment.

In the deed from the three other children to G. and D., it was stated to be the intent to leave the right of dower in the lands to be adjusted and arranged by the grantees. *Held,* that the obligation thus imposed upon the grantees was joint, and G. had no right or power, as executor of the estate of D., to put the whole burden upon it to the relief of himself.

A surrogate has jurisdiction to hear and adjudge upon a claim of an executor against the estate of his testator, whether the same be disputed or not.

A petition of appeal from a surrogate's decree settling the accounts of an executor, allowing, among other things, a claim of the executor against the estate, of $1,500, stated, as one ground of appeal, that the surrogate erred in adjudging that the estate was indebted, upon the proofs, to the executor for the sum so allowed. *Held,* that it was error for the General Term to decline to pass upon the sufficiency of the evidence to sustain the decree; and that, in reviewing the judgment of the General Term, it was the duty of this court to look into the testimony and to determine that question.

*Kyle* v. *Kyle* (3 Hun, 458) modified.

(Argued November 20, 1876; decided December 5, 1876.)

THESE are cross-appeals from an order of the General Term of the Supreme Court, in the fourth judicial department, modifying a decree of the surrogate of Cayuga county, and remitting the case for further proceedings. (Reported below, 3 Hun, 458.)

The decree was upon final settlement of the accounts of the executors of David Kyle. The executors, George A. Kyle and William Mersereau, filed separate accounts. The former also filed an individual account against the executor. One item in his account was for $1,300, alleged to have been paid to Mary Kyle, widow of John Kyle, in satisfaction of her claim

for arrears of dower in certain real estate of which her husband died seized. One item of the individual account was $1,500, for an interest in certain personal property alleged to have been sold by the executor to his testator during his lifetime. This item was contested by the widow and child of the testator, who claimed, upon the hearing, that the surrogate had no jurisdiction to hear disputed claims of this nature. These two items were allowed by the surrogate, and are the only ones in question here.

The facts in regard to the first item are these : Said John Kyle died intestate, January 23, 1857, leaving said Mary Kyle, his widow, and five children him surviving, among whom were the said testator David Kyle, and the said executor George A. Kyle. The said intestate died seized of a farm, known as the "Benedict farm." In March, 1857, the other children conveyed by deed to George and David their interest in said farm. The deed contained this clause : " This conveyance is intended to leave the right of dower of Mary Kyle, to be adjusted and arranged by the parties of the first part." No arrangement was made with the widow ; no dower assigned, and no action commenced for the recovery thereof. In June, 1865, said George A. Kyle sold and conveyed his interest in the farm to David. David paid to his mother the sum of $500. Upon the settlement, said George A. Kyle presented, as a voucher for the first item, a claim presented by his mother, as follows :

" THE ESTATE OF DAVID KYLE, DECEASED, TO MRS. MARY KYLE, DR.

" To the use and net profits of her interest in the
   farm owned by the late David Kyle, deceased,
   for six years previous to the death of the said
   David Kyle, on the 17th day of March, 1871,
   at the rate of $300 per year, $1,800, deducting,
   as near as I can state, during the six years, the
   sum of .................................... $500 00
                                                       $1,300 00 "

With her receipt for the amount dated January 24, 1873, It appeared that he gave to her his promissory note for the amount.

The widow and child of the testator appealed from the surrogate's decree. In the petition of appeal one ground stated is as follows:

"That the said surrogate also erred in assuming jurisdiction to hear, try and determine the contested claim of the said George Kyle, against his deceased brother's estate, of $1,500, against the objection of your petitioners, who desire to try the same before a competent court and jury; and also in adjudging that the said estate was indebted, upon the proofs, to the said George Kyle, for the said $1,500, and in ordering that it be paid to him, as will appear by said decree rendered."

The General Term reversed the decree as to the $1,300 item, sustaining it as to the item of $1,500, and remitted the case to the surrogate for further proceedings. Both parties appealed to this court.

*Jas. R. Cox* for the plaintiffs. A widow, claiming dower, has no estate in the land of her husband until the same has been admeasured. (2 Bouv. Inst., § 1765 ; 4 Kent's Com., 61, 62, and note ; *Green* v. *Putnam*, 1 Barb., 506 ; *Scott* v. *Howard*, 3 id., 319 ; *Lawrence* v. *Miller*, 2 N. Y., 245 ; *Yates* v. *Paddock*, 10 Wend., 528.) Her claim is not assignable. (*Ritchie* v. *Putnam*, 13 Wend., 524.) The adjudication by the surrogate upon the disputed claim of defendant for the undivided half of the personal property on the farm in June, 1865, was without jurisdiction and void. (*Magee* v. *Vedder*, 6 Barb., 354 ; *Wilson* v. *Bapt. Soc.*, 10 id., 316, 318 ; *Disosway* v. *Bank*, 24 id., 64 ; *Cooper* v. *Felter*, 6 Lans., 484 ; *Tucker* v. *Tucker*, 4 Keyes, 149 ; *Curtis* v. *Stillwell*, 32 Barb., 354 ; *Andrews* v. *Walledge*, 17 How. Pr., 263 ; *Campbell* v. *Thatcher*, 54 Barb., 385 ; 15 Abb. Pr., 31.)

*E. A. Woodin* for the defendant. Defendant could settle and compromise with the widow her claim for dower, although

it had never been in fact assigned. (Tyler on Infancy and Coverture, 626; *Johnson* v. *Thomas*, 2 Paige Ch., 384; 1 Story's Eq., 597; *Coates* v. *Cheever*, 1 Cow., 479.)  The surrogate had jurisdiction to hear, try and determine defendant's claim against the estate of his testator.  (R. S. [Edm. ed.], 90, § 33 ; Laws of 1837, chap. 460, § 37, as amended by Laws of 1868, chap. 594; *Jumel* v. *Jumel*, 7 Paige, 591; *Gardner* v. *Gardner*, id., 112; *Williams* v. *Purdy*, 6 id., 166 ; *Robinson* v. *Raynor*, 28 N. Y., 494.)

FOLGER, J.  We agree with the General Term that the surrogate erred in allowing to the executor the amount of the promissory note made by him to Mary Kyle.  The reasons, as far as they are given by the General Term, are sound.  The learned counsel for the executor claims that they present but a partial view, and that the action of the executor will be upheld in equity, and says that equity will give aid to a doweress after her remedy at law is gone, and cites *Johnson* v. *Thomas* (2 Paige, 384), and other authorities to the same end as that.  He claims that equity treats the heir at law of the premises as a trustee for the widow of her arrears of dower. But that is not the sole question here.  Another is, can a widow claim and recover rents and profits of her dower until it has been assigned ?  And further than that, has an executor of the heir a right to charge the estate of his testator, or expend the assets in his hands, for the payment of such arrears in such case ?  Equity was wont, before the Revised Statutes gave the widow a better remedy at law for her dower and the rents and profits than was theretofore furnished, to entertain her bill for an assignment of her dower, and gave it either by metes and bounds, or an alternate use of the property, or an assignment of a third of the rents and profits, or by a gross sum reckoned by the annuity tables; as the circumstances of the case required, (see *Coates* v. *Cheever*, 1 Cow., 476), and in so doing it held the heir at law, or devisee of the premises, as trustee for her of the arrears, though dower had not been demanded.  And when she had died before she had established

her right, there was, in favor of her representatives, decreed an account of rents and profits since the time her right had accrued.   But we are not aware that this has been done in this State, save in an action brought by her for an assignment of dower, and as an incident to it.   No express authority that it has been, or can be done, has been produced to us by counsel. It has been strongly intimated in Maryland that it will not. (*Kiddall* v. *Trimble*, 1 Md. Ch. Dec., 143.)   It has been held in Mississippi that it will (*Harper* v. *Archer*, 28 Miss. 212), but without elaborate consideration, and the authorities cited (viz., Story's Eq. Jur., §§ 625, 626; Park on Dower, 352; Fonbl'q Eq. Book, 1, ch. 3, § 3), when sifted, do not sustain the decision, and go no further than that where the widow or tenant has died pending suit, before arrears of dower have been ascertained and awarded, a court of equity will revive the suit in favor of her, or against his, representatives, to enable a recovery of the arrears.   The principle is, that the dower is the principal thing, and the rents and profits merely accessory and consequential.   Until the right to the principal is established and it obtained, that which is only incidental cannot be had.   The Revised Statutes of this State, in declaring the right of the widow to recover damages for withholding dower, say that they shall be estimated in the suit for the recovery of the dower.   (1 R. S. 742, §§ 19, 20.)   There are other considerations growing out of the statutes, which bear upon this question, and upon the existence of a legal or equitable obligation upon the estate of the testator to pay this claim. The statute gives a widow damages for withholding, to be recovered in the action in which she shall recover her dower. (1 R. S., p. 742, § 19.)   It permits the damages to be estimated to the time of recovering judgment therefor, but not to exceed six years in the whole in any case (id., § 20), that is to say, for no more than six years prior to the judgment.   As the widow here had no judgment, the allowance made to her by the executor must stand, if it stands at all, in the place of a judgment, and the time for which she could be allowed must be for six years prior to that date.   The allowance took place

January 24, 1873, and the six years would run back to that date in 1867. The testator died in March, 1871, about the seventeenth, so that no more could by the statute be had of his estate, than for a period beginning January 24, 1867, and ending with his death, or about four years and two months. But the executor did allow for a period of six years before the testator's death, thus charging the estate with more than the statute law would exact of it. The basis of the allowance was, that the value of the use of the third was $300 per year, or $1,800 in all; from which was deducted $500, which it was admitted by the widow had been paid by the testator in his lifetime. As his estate in 1873 was liable for no more than about four years' arrears, which would be about $1,200, the deduction of $500 would leave but about $700 to be paid, instead of the $1,300 claimed to have been paid. Again, by section 20 (*supra*), the widow is entitled to recover damages of the heir from the time of the death of her husband, and of other persons from the time of demanding her dower of such persons. Now the testator, though an heir of the widow's husband, was not an heir of the whole farm. He inherited but an equal undivided fifth. As to the other four parts he was a grantee of the other heirs, of whom the executor was one. And for the value of the use of these four parts, he was, by statute, liable only from the time that dower was demanded of him. But dower was never demanded of him. So that his estate was liable, in any view, under the statute, but for one-fifth of $300 per year, for four years and a little over, or for not much over $240.

These provisions of the statute, even if taken in the nature of statutes of limitation, are to be observed both at law and in equity, for equity as a general rule follows the law in such cases. (1 Story Eq. Jur., § 64 *a.*) It is apparent then, how inconsiderate on the part of the executor, and how inequitable to the estate, was the arrangement he made with the widow. It is claimed that equity is not bound by statutes in this matter. (*Johnson* v. *Thomas, supra.*) But at the common law, a widow was entitled to damages from the time only when she

recovered her judgment for her dower. It was by statute that she first became entitled to arrears. Though equity has asserted a freedom from that statute, we think that by the Revised Statutes it was meant to prescribe the sole rule for the amount thereof, both at law and equity, and that it is now by statute alone in this State that she may recover, either at law or equity. Certainly equity is bound by the statutory limitation of twenty years for the demanding of her dower. (1 R. S., 742, § 18.) By the Revised Laws (1 R. L., 60, § 1) she might prosecute at any time in her life. The revisers meant to limit the right in accordance with the law as to other claims to real estate, (5 R. S. [Edm. ed.], 504), and their notes show that they sought a like end of public policy in fixing the amount of arrears that might be recovered. (Id.) The reason why equity in former times did not limit the widow to any period in her recovery of arrears, was that there was no limitation at law. (*Oliver* v. *Richardson*, 9 Ves., Jr., 221). Now, in England, equity follows the statute. (*Bamford* v. *Bamford*, 5 Hare, *203.) The rule should be the same here. In the absence of a judgment for dower, without action brought therefor, in the absence of any demand of dower, without explicit contract shown with the widow to pay for the use of it, we do not perceive the right of the executor to pay the widow therefor upon the manifestly illegal basis adopted by him, out of the assets of the estate, and still less to charge the estate directly or indirectly by an executory contract to make such payment.

We do not lose sight of the clause in the deed from three of the co-heirs at law to the brothers, the testator and executor. Doubtless it created an obligation from the grantees in the deed to the grantors. It may be that in equity the widow could avail herself of it, but only in accordance with its terms. The obligation is joint, upon George the executor, as well as David the testator. The personal obligation yet bears upon George, as much as upon the estate of David. George had no right or power as executor of the estate, to put the whole burden upon the estate, to the relief of himself.

To avoid misapprehension, it is well to say, that we intimate

no opinion as to the right of the widow of John Kyle, if now alive, to sue for and recover her dower, with such arrears as the law allows.

We agree with the General Term, also, that the surrogate had jurisdiction to hear and adjudge upon the debt alleged to be due from the testator to the executor. The statute forbids the executor to retain any part of the property of the testator for the satisfaction of his own debt or claim, until it shall have been proved to, and allowed by, the surrogate. (2 R. S., 88, § 33.) It has been held that the proof must be other than by his own affidavit. ( *Williams* v. *Purdy*, 6 Paige, 168.) It must be by the testimony of witnesses and all or any of the evidence known to the common law, to be produced by him. It would be absurd to say that the surrogate was restricted in his inquiry, to the testimony of witnesses brought by the executor. If he is to take proof, and allow the debt or claim only after it is proven to his satisfaction, he must be permitted to hear also the testimony brought against the claim by those interested adversely to it. It is the result of the statute, giving him jurisdiction to allow upon proof, that he has such power. It is true, that he may not adjudicate upon a disputed claim of an alleged creditor of the estate. But the cases are not alike, for there no statute gives him the power. (*Tucker* v. *Tucker*, 4 Keyes, 148.)

It has been held that the surrogate may hear and determine upon a claim against the executor in favor of the estate. (*Gardner* v. *Gardner*, 7 Paige, 112.) It is for the reason, that unless he may do so, those interested in the estate have no remedy save by bill in equity, inasmuch as no suit at law can be brought; for the executor, who is the legal representative of the estate, cannot sue himself. The same reason is applicable here, and is probably the base of the statute cited.

We do not agree with the General Term, that this was the only point available to the appellants, Fanny Kyle and her son, upon this branch of the case. We think that the General Term should have passed upon the sufficiency of the evidence, to sustain the decree of the surrogate allowing the

claim of the executor. Their petition of appeal distinctly presented as one ground of appeal, that the surrogate erred in adjudging that the estate was indebted, upon the proofs, to George Kyle for the $1,500.

In reviewing the judgment of a General Term on an appeal to it from the decree of a surrogate in such case, this court must look into the testimony, and reach a conclusion upon the facts of the case, and determine whether the adjudication of the surrogate was sustained thereby. (*Robinson* v. *Raynor*, 28 N. Y., 494.) We must therefore look into the case to see whether or not the claim of the executor is sustained.*

\*       \*       \*       \*       \*       \*       \*

The judgment of the General Term should be affirmed as to the disallowance of the arrears of dower, and reversed as to the rest of the judgment, and be remitted to the surrogate for a new hearing on the claim of the executor. The question of costs to be disposed of by the surrogate.

All concur.

Ordered accordingly.

---

* The omitted portion of the opinion is taken up with an examination and discussion of the evidence, which is not deemed of sufficient general importance to require its reproduction in this report.