MARIE A. WITTHAUS, APPELLANT AND RESPONDENT, *v.* FREDERICK C. C. SCHACK, RESPONDENT AND APPELLANT.

*Dower — action by a widow to vacate a deed in which she had joined with her husband — when she may recover in such an action her dower interest — when she must recover such interest in an action to have her dower admeasured — she cannot recover rents from her husband's grantee accruing prior to her demand for dower.*

This action was brought by the plaintiff, after the death of her husband, to set aside a deed in which she had joined with him in conveying certain real estate owned by him to the defendant, to be sold by the latter, the proceeds arising from such sale to be applied to the payment of certain debts of the husband. This deed was set aside, in so far as the plaintiff's right of dower was affected thereby, as to a portion of the lands which the plaintiff did not know were included in the deed at the time she executed it. The interlocutory judgment, after establishing her title as doweress in such lands, directed an accounting of the rents and profits of the premises and adjudged that she was entitled to recover her proportion of the same.

Upon an appeal from the final judgment, entered upon the report of the referee so appointed to take the accounting:

*Held,* that as to so much of the said real estate as had been sold by the defendant to *bona fide* purchasers, against whom no action would lie by the plaintiff, the proceeds of the sales received by the defendant constituted a trust fund, as to which the plaintiff was entitled to an accounting and to recover thereof the amount found due to her.

That as to so much of the said real estate as still remained in the defendant's hands the plaintiff could not recover her share of the rents and profits thereof until she had had her dower therein set apart to her in an action brought for that purpose.

*Kyle v. Kyle* (67 N. Y., 400) distinguished and followed.

That as the defendant was the grantee of the plaintiff's husband, the plaintiff could recover none of the rents and profits of the lands which had accrued or been received prior to the time when her demand for dower was first made

APPEALS from a judgment, entered on the direction of the Special Term, and a motion on behalf of the defendant for the re-argument of the appeal from the interlocutory judgment herein, heretofore decided.

*G. Zabriskie*, for the plaintiff.

*Lewis Sanders*, for the defendant.

DANIELS, J.:

The plaintiff joined her husband in a deed executed on the 23d day of December, 1876, conveying real estate owned by him to the defendant, for the purpose of selling the same and applying the moneys realized from the sales to pay off and satisfy claims and demands mentioned in the deed and owing by the plaintiff's husband. He died on the 19th of March, 1877, and in the following month of April it was alleged by her that she first discovered that the deed included lands in the city of New York, south of Fifty-ninth street.

And she commenced this action to vacate and set aside the deed so far as it included her dower rights, or interests in such lands, on the ground that she had assented only to the execution of such a conveyance of lands owned by her husband as were north of Fifty-ninth street, and that she had been deceived into the execution of the deed by the representation that it contained only such land. The action was tried upon proof substantially sustaining her allegations, and an interlocutory judgment was thereupon entered setting aside and annulling the deed so far as it affected the plaintiff's dower right in lands south of Fifty-ninth street. And the judgment after establishing her title as dowress in such lands directed an accounting of the rents and profits of the premises, and adjudged that she was entitled to receive her proportion of the same. And this judgment on appeal, after being modified was affirmed. Neither upon the trial nor the hearing of the appeal was it objected that such a recovery could not be had by her in this action, or in any other not in form brought for the recovery of the plaintiff's dower. And because of that circumstance and the decision of the Court of Appeals in *Kyle* v. *Kyle* (67 N. Y., 400), the motion has been made for the re-argument of the appeal from the interlocutory judgment.

But nothing contained in that case will probably require such a re-argument for the purpose of adjusting and determining the legal and equitable rights of these parties. For the direction given for the accounting of the rents and profits appears to have been entirely proper as to the real estate sold by the defendant, in which the plaintiff under this decision has been held entitled to her dower. For as to that the decision of the case just referred to does not affect the rights or liabilities of the parties. It was there held that the widow was not entitled to recover the rents and profits of the land in which she might be entitled to dower as a distinct or independent cause of action, but only as an incident to the recovery of her dower in the property. This ruling was made upon the manifest effect of the provisions of the statute declaring that whenever a widow should recover her dower in lands she should also be entitled to recover damages for the withholding of such dower. (2 R. S. [6th ed.] 1122, § 19.) And this provision has since been embodied in section 1600 of the Code of Civil Procedure. The statute also further provided that the plaintiff recovering judgment in ejectment in any of the cases in which the action might be maintained should be entitled to recover damages against the defendant for the rents and profits of the premises recovered. (3 R. S. [6th ed.], 577, § 39.) But these provisions of the statutes manifestly relate to actions in which the widow may recover the land itself so far as it may be subject to her right of dower, and do not therefore wholly include an action of the nature of the present suit. For this action not only included lands still held by the defendant, in which, upon setting aside so much of the deed as affected her dower interests, she would be entitled to recover her dower, but in addition to such lands those that were sold by him to purchasers in good faith under the authority of the deed in which the plaintiff herself had joined. As to the latter class of lands she could not recover her dower in the lands themselves under the provisions of these statutes, for the property had passed into the hands of purchasers, having no notice or information of her rights, and therefore would be held by them discharged of all her claims as dowress. This would necessarily follow from the authority contained in the deed executed by herself and her husband to the defendant, for it in terms empowered him to sell and convey the property, and so far as he did so under its

authority, before that was legally questioned or assailed, the title of
the purchaser would be good. But she would not necessarily, by
that circumstance, be deprived of her interest in the fund realized
from the sale as the substitute for the principal, after the deed had
been so far vacated and annulled as to exclude from it her dower
right in the property south of Fifty-ninth street. From that time
certainly the defendant would hold the proceeds obtained from the
sale of the plaintiff's dower interest as a trustee for her benefit,
for they were to that extent the substitute of her interest in the
estate or property sold. And where that may appear to be the
character of the fund in the hands of the defendant, it may be
reached by a proper action, for that purpose, brought in this court as
a court of equity. The fund itself is capable of being clearly and
distinctly traced, and so far as it may have been obtained by selling
and conveying the right which the plaintiff has now maintained
to dower in this property, she is equitably entitled to recover it.
Upon this subject "it has been well remarked that the receiving of
money which consistently with conscience cannot be retained, is in
equity sufficient to raise a trust in favor of the party for whom or
on whose account it was received. And, therefore, whenever any
interest arises the true question is not whether money has been
received by a party of which he could not have compelled a pay-
ment, but whether he can now with a safe conscience *ex æquo et
bono* retain it." (2 Story's Eq. Jur. [12th ed.], §§ 1255–62.)

So far as the property described in the deed was sold by the
defendant under its authority and the proceeds were received by
him, a proper case for a suit in equity was presented, and neither
the statutes nor the construction placed upon them in *Kyle* v.
*Kyle* (*supra*), have divested the court of its jurisdiction over such
an equitable action. For neither this authority nor the statute has
in any form attempted to abridge the jurisdiction of this court as a
court of equity over controversies concerning funds of this general
character. It was clearly its proper province to entertain jurisdic-
tion over the action to vacate and annul the deed executed by the
plaintiff so far as it included her dower interest in property south
of Fifty-ninth street. And having jurisdiction over that subject,
as well as over the general subject of trusts, it was the duty of the
court to proceed, certainly so far as might be necessary, to secure

an accounting of this fund, and the distribution and payment of the plaintiff's portion of it to her. These were both proper subjects of equitable jurisdiction, and to that extent the interlocutory judgment heretofore affirmed, may still be held to have properly proceeded, and if any further or more explicit directions are required to be given, that can be done by an order expressly declaring the extent and limits of such an accounting. And that will include all except the remaining parcels of real estate still held by the defendant and known as 404 and 406 Fourth avenue in the city of New York. The motion for the re-argument of the appeal from the interlocutory judgment may therefore very well be denied.

The reference which was directed by the order and followed by the referee, was much broader than the rights of the plaintiff as they have been considered would justify. It was made to include the rents and profits and management of the property south of Fifty-ninth street during the time it was under the defendant's charge, and partly including the period therefore in which the plaintiff's husband was living. As to that period of time, it certainly was unauthorized, for she was entitled to no rents or profits of the land in which her right to dower became complete upon the decease of her husband, before the occurrence of that event. That was the clear language of the statute enacted upon this subject, for it had provided that the damages to be recovered by a widow for with-holding her dower should be one-third part of the annual value of the mean profits from lands in which she could recover her dower, to be estimated in a suit against the heirs of her husband from the time of his death, and in a suit against any other person from the time of her demanding her dower from that person. (2 R. S. [6th ed.], 1122, § 20.) And the same provision was re-enacted in section 1600 of the Code of Civil Procedure. The defendant was the grantee of her husband, and held the property described in the deed as such, and she, therefore, could recover none of the rents and profits of the land against him until her dower had been demanded from him, and that demand was first made in April, 1877. It was from that time, and that time only, that the accounting could lawfully be taken for the purpose of determining or ascertaining her interest in the proceeds of this property. But her right was not so limited either by the order or the hearing had before the referee,

for they included the management, proceeds and expenses of the property while the plaintiff's husband himself was living. And it is probable that a portion of the amount directed to be recovered by the final judgment was for rents received prior to the demand of dower made in April, 1877. At least such is the construction which the report and the judgment appears to be entitled to receive, notwithstanding the qualified statement made concerning the former by the referee, and so far as the recovery has proceeded upon that basis, it certainly was erroneous.

The report also included a charge against the defendant for the proceeds of property known as 51 Exchange place, but it was made to appear as to this property that the plaintiff herself executed a quit-claim deed releasing her dower in the property and all other right, title and interest. For that she received the sum of $500, one-half of which was paid by the defendant and the other half by the purchaser of the property. And this, under the evidence, should have been held to be a satisfaction of all her claims so far as they depended upon this parcel of land. But it was not so held, and she was allowed to recover interest upon one-third of the surplus proceeds received from the property by the defendant.

The judgment also directed the payment to her, in addition to her interest in the preceding rents, of one-third part of the net income, computed from April 2, 1882, of the premises known as 404 and 406 Fourth avenue, and it required the defendant to pay over such future income to her from time to time. This was an improper direction, for as to this property her dower was capable of being recovered in the land; and by the statutes which have been referred to, and the case of *Kyle* v. *Kyle* (*supra*), her right to her proportionate share of its profits or income was dependent upon such a recovery. And as no such recovery was claimed, or had, in this action in the manner prescribed by the statute, and held to be controlling by this authority, the judgment could not legally direct the payment to her of any portion of the income of these particular parcels of property.

As to both parties, the reference proceeded on an erroneous theory. It was well directed, so far as it included the rents and profits of the property which had been sold and conveyed by the defendant after the time when the plaintiff demanded her dower,

and it should have been extended so far beyond that as to require an accounting of the value of her interest in one-third of the proceeds received upon the sales of the real estate made by the defendant south of Fifty-ninth street, excluding, however, the property upon Exchange place. The failure to restrain the direction within these limits was fundamental and erroneous, and the error can be in no other manner corrected than by reversing the judgment from which this appeal has been taken and directing a further reference in conformity with these conclusions. It is not necessary, therefore, to consider the other objections which have been taken to the report made by the referee.

Those which have been considered are unavoidable in their character, and to provide for their correction the judgment in the case should be reversed and the further reference which has been mentioned ordered under the interlocutory judgment, without costs to either party.

Davis, P. J., and Brady, J., concurred.

Judgment reversed, further reference ordered under the interlocutory judgment, as directed in opinion, without costs to either party.