MARIE A. WITTHAUS, APPELLANT AND RESPONDENT, *v.* FREDERICK C. C. SCHACK, APPELLANT AND RESPONDENT.

*Action for dower — right to recover damages for withholding it — what expenses and charges cannot be allowed to the defendant as against the rents collected — what is a sufficient seizin on the part of the husband — amendment to a judgment so as to make it include other lands — when not allowed.*

In this action, brought by the plaintiff to have a deed in which she had joined with her husband set aside, and to recover her dower in the premises described therein, an interlocutory judgment was entered, setting aside the deed as to a part of the property, and adjudging the plaintiff to be entitled to dower therein. Before the commencement of the action she gave notice to the defendant, who was in possession of the property, of her claim for dower.

After the commencement of the action a portion of the property was sold upon the foreclosure of mortgages, in which the plaintiff had joined, given prior to the execution of the deed sought to be set aside; another parcel was sold by the defendant, but in neither case were the proceeds arising from the sales sufficient to satisfy the charges and incumbrances on the property.

By the judgment, the defendant was charged with one-third of the rents and profits of these pieces of land, actually collected by him between the time of the notice of plaintiff's claim for dower and the sale, and was adjudged to pay them to the plaintiff as the damages which she was entitled to recover because of the withholding of her dower by him for that period.

*Held*, that this was proper ; that while a sale of the property during its pendency would deprive the plaintiff of the actual possession of any part of it, it would not deprive her of the damages sustained by reason of her dower having been withheld by the defendant from the time of her demand therefor to the time of the sale.

That the defendant was not entitled to charge against the amounts received by him out of this one-third of the property, the expenses to which he had been subjected previous to the time when the plaintiff's dower was demanded.

That he was not entitled to any commission for receiving the money the plaintiff was entitled to recover.

That where a wife joins with her husband in executing a deed, absolute in form, but, in fact, by way of security, for the payment of his debts, and such security has not, at the time of the husband's death, matured into an absolute title, nor has the property been then sold, the husband is seized of the property so as to entitle his widow to dower therein.

A receiver of the property was appointed upon the application of the plaintiff, whose office terminated before the conclusion of the action.

*Held*, that in the absence of evidence showing that the defendant had been compelled to pay any moneys to the receiver, no deduction could be made from the amount he was directed to pay to the plaintiff, for the fees of the receiver; as such fees, if any, would have to be paid by the plaintiff.

After the entry of the judgment the plaintiff moved to amend it by including a formal recovery by her of her dower in certain other lands still held and possessed by the defendant.

*Held*, that the motion was properly denied.

APPEALS by both the plaintiff and defendant from an order confirming the report of a referee, and from the judgment entered upon it, and by the plaintiff from an order denying a motion to amend the judgment entered in the action, and by the defendant from an order excluding the allowance of the expenses of a receivership.

*G. Zabriskie*, for the plaintiff.

*Lewis Sanders*, for the defendant.

Daniels, J. :

By the judgment which has been entered, the plaintiff has been adjudged entitled to dower in the property owned by her husband at the time of his decease, and situated south of Fifty-ninth street, in the city of New York. She joined in a deed of this and other property with her husband to the defendant, in trust for the payment of certain creditors, but so far as she was a party to it, it was vacated and set aside as to the property south of Fifty-ninth street. Before the action was commenced, and on the 14th of April, 1877, she gave notice to the defendant of her claim for dower in this property; and her action to vacate so much of the deed as was executed by herself and to establish her right to dower in the property of her husband, was commenced in the latter part of the year 1878. After an interlocutory judgment establishing her rights was entered, an appeal was taken to the General Term of this court (31 Hun, 590.)

After that was decided, a second hearing of the action also took place, upon which the judgment was so far modified as to limit the right of the plaintiff to recover in this action against the defendant, to the proceeds of property sold by him, in which she was entitled to dower, and to the rents and profits received by him while the property remained in his possession and under his management. It was afterwards made to appear, upon a reference ordered to take and state his accounts, that he held no proceeds of any part of the property which he had sold, but that during the pendency of the action, and before the recovery of the interlocutory judgment, parcels of land known as 7, 9 and 11 East Twentieth street, were sold under a judgment of foreclosure, recovered upon mortgages executed by the plaintiff and her husband, before the deed in which she joined was executed or delivered to the defendant. This sale took place after the 1st of February, 1880, and the proceeds were insufficient to pay the amounts directed by the judgment to be paid. The defendant also, in January, 1881, which likewise preceded the recovery of the interlocutory judgment, sold property known as 602 Sixth avenue, but after applying its proceeds upon charges and incumbrances, no part was left out of which the plaintiff was entitled to be endowed. But from the time when she demanded her dower of him, to near the time when these sales

were made, he received the rents and profits of these four pieces of land, and upon the accounting had before the referee, he was charged with one-third of such rents and profits, as the damages which the plaintiff was entitled to recover because of the withholding of her dower by him from her during that period. The amounts allowed against him did not include this entire period, but for a short time, during the latter part of it, he was not charged with any rents or profits of the property. The omission of the referee to make that charge against him in his accounts seems to have proceeded upon the fact that no collections were made for the omitted part of the time. And, as it does not appear from any evidence produced, or any finding of the referee, that the failure to collect and receive the rents and profits for this part of the time, arose out of any carelessness or misconduct of the defendant, it cannot be held, upon this appeal, that the referee has erred in not extending the liability of the defendant over the latter part of the period, during which he held and managed this property. The amounts omitted, in any event, are not large, and probably no injustice has been done to the plaintiff in the adjustment made by the referee.

In his first report the defendant was charged with interest, at the legal rate, upon the amounts received by him, but that under an order of the court permitting further evidence to be taken, was reduced to two and one-half per cent. This reduction was made upon evidence from which the referee concluded that it was all that the defendant had realized out of the moneys while they remained in his hands. And as to that he was sustained by the testimony of the defendant, who stated that to be about the amount of interest realized by him. He was accordingly right in limiting the interest to that rate, inasmuch as there was no reason for imputing bad faith to the defendant in the use of the money.

The defendant denied the right upon the hearing before the referee, as he has upon these appeals, of the plaintiff to recover against him by way of this apportionment of the rents and profits of the property, damages for the withholding of her dower from her. By the second and third of his exceptions, which were addressed to this subject, they were placed upon the ground that there had been no admeasurement or assignment of her dower in the

property, the premises having been sold subsequent to the commencement of the action. But these exceptions, as they were taken, are certainly not well founded, for the law does not and has not required that there shall be an assignment of dower before damages for withholding it from the plaintiff can be recovered by her. Under the practice preceding that established by the Code of Civil Procedure, dower could only be admeasured after the recovery of a judgment for it by the widow. (3 R. S. [6th ed.], 578, § 51.) And the same practice has been preserved by section 1607 of the Code of Civil Procedure. Before that point in the litigation can be reached the right of the plaintiff to dower, as well as her right to damages, when they are claimed as a part of the action, and the extent of those rights, must be settled by the judgment. And where that may be the case she clearly could not be defeated of her right to the damages recovered, by reason of the fact that the property had been sold under superior incumbrances before her dower should be actually assigned or admeasured. What the law, as it was declared by the preceding statute, and has been continued by the Code, required was, that the widow in her action should recover her dower in lands of which her husband should have died seized, and that in such action she should also be entitled to recover damages for the withholding of such dower. (2 R. S., [6th ed.], 1122, § 19 ; Code of Civ. Pro., § 1600.) For this purpose her action would proceed upon the facts as they existed at the time when it was commenced. And while a sale of the property, during its pendency, would deprive her of the right to the actual possession of any part of it, it would not deprive her of the damages sustained by her dower in the land being withheld from her by the defendant during the pendency of so much of the action as extended to the period in which the sale of the property should take place. What the statute in effect required was that her right to dower in the property should be legally established. And where that is the fact, and the lands out of which she should be endowed are in the possession of the defendant as these were at the commencement of the action, there the law entitles her to damages for the withholding of her dower. This must be necessarily so from the effect of the sales made of the property, for it deprived the plaintiff of no more than the physical ability to take her dower in such lands. The sales removed those

lands out of the charge, management and possession of the defendant, but they in no manner interfered with the advantages derived by him from their possession and use up to the time when the sales actually took place. And to the extent of one-third of those advantages they were derived wholly from the plaintiff's right to a life estate in the property. It was wrongfully withheld by him from her while these rents and profits were being received by him. He was divested of no part of them by the sales made of the lands, but continued to hold and possess them up to the time of the recovery of the final judgment in the action. And as one-third of the amounts received by him was derived from that part of the property in which the plaintiff was entitled to be endowed, she was legally entitled to recover her damages to that extent from the defendant. Her right in this respect, both by the preceding statute and section 1600 of the Code of Civil Procedure, has been declared and defined in the same manner, and by both she was secured such damages to the extent of one-third part of the annual value of the mean profits of the land, to be estimated against the defendant, from the time of demanding her dower. (2 R. S. [6th ed.], 1122, § 20.)

These provisions do not require to be so strictly construed as to render her right to damages dependent upon the actual recovery and possession of the property in which she may be entitled to be endowed. They are sufficiently complied with by the adjudication which was made in this action, that she was entitled to recover her dower in the property, and the fact that she was deprived of the physical benefit of the recovery, by the sale of the property under superior incumbrances, made while the defendant was wrongfully keeping her out of possesssion, cannot, upon any just principle, entitle him to withhold these damages from her. They were, on the contrary, as her right in the property has been adjudicated, so much money received by him for her, which he was rightly held liable to pay over. The case of *Kyle* v. *Kyle* (67 N. Y., 400) is, in no respect, in conflict with the right of the plaintiff to relief to this extent in her action. For in that case no adjudication whatever had been made as to the right of the widow to recover her dower, but the executors had allowed and paid to her a gross sum of money out of the testator's estate, which the surrogate sanctioned but which the courts, on appeal, held to have been unauthorized. That adjudication, by no construction of

it, can be held to sanction such an application of the statutes as would protect the defendant in withholding these damages from the plaintiff, because of the circumstance that during the time he was contesting her right to dower in the property, the property itself was sold and placed beyond the reach or control of the judgment. Such a construction would be strikingly unreasonable and unjust, and it could not have been intended by the legislature that these statutory provisions should be subject to that infirmity. So far as the referee allowed the plaintiff one-third of the rents and profits received by him from these lands, while they were in his possession and after she had demanded her dower from him, his determination was right and lawfully confirmed by the judgment.

The objection that the plaintiff's husband did not die seized of the property has not been taken by the exceptions filed on behalf of the defendant. But if it had been, the facts of the case would not have sustained it, for the deed made by him to the defendant, in which the plaintiff joined, was not absolute, but by way of security accompanied with a full power of sale. Subject to that security, and the execution of the power, the husband continued to be seized of the property, and was so at the time of his decease. For neither the security itself had then matured into an absolute title, nor had this part of the property been conveyed by the authority vested in the defendant over it by the deed. (*Odell* v. *Montross*, 68 N. Y., 499.)

The defendant was not entitled to charge against the amounts received by him out of this one-third of the property the expenses to which he may have been subjected previous to the time when the plaintiff's dower was demanded. The statute has subjected her right to damages to no such contingency, but has declared the defendant to be liable for the annual value of one-third of the profits, with interest from the time when the demand for dower was made, and no more than that was allowed by the referee upon the accounting.

It does not appear from the case that there were any general expenses of the management of the property by the defendant which, in part, should have been deducted from the amounts allowed by the referee. Neither does he appear to have been entitled to any commissions for receiving the money the plaintiff

has been held entitled to recover. The statutes have subjected her claim for damages to no diminution by reason of commissions, but have declared, in general terms, her right to one-third of the annual value of the mean profits of the property, with interest, and the referee proceeded upon that view in the accounting taken before him. Neither of these exceptions presented to the report of the referee are well founded. They were rightly overruled and judgment directed in favor of the plaintiff, as it was afterwards entered, for the recovery of these damages by her.

A receiver of the property in the early state of the litigation seems to have been appointed at the instance of the plaintiff. His office was terminated before the conclusion of the action. But what he did, or whether he was entitled to any commissions, under his appointment, does not appear by the case, and the order, therefore, denying the defendant's right to have his commissions off set against the moneys in his own hands, which are due and owing to the plaintiff, does not seem to have been unauthorized. If the receiver shall be finally entitled to commissions, they will be paid necessarily by the plaintiff. As long as the defendant has made no such payment he is clearly entitled to no allowance on their account against her.

A large number of exceptions were also filed to the referee's report on behalf of the plaintiff. The more material and important of them have already been disposed of by what has now been said, or was held in the decisions previously made in this action. It is not necessary that these exceptions should be examined in detail, but for their disposition it is sufficient to say that none of them seem to be so far sustained by the facts of the case as to require any change to be made in the accounting had before the referee.

The object of the motion to amend the judgment was to include a formal recovery by the plaintiff of her dower in lands still held and possessed by the defendant. The issues, as they had been framed in the action, did not contemplate, or include, the trial of that subject-matter as to these particular pieces of property. They might have been included within the case presented by the plaintiff, but they were not in such a manner as to leave the court at liberty to declare and determine the specific interests of the plain-

tiff in or concerning these pieces of land. It was, therefore, held as the most proper course to be taken, after the judgment vacating and annulling the deed so far as it had been executed by the plaintiff, that she should bring an ordinary action for dower in these pieces of property. And no very substantial reason appears which would justify a departure at the present time from that direction. The subject-matter included in the judgment in this action, as the facts of the case have arisen since its commencement, is substantially within the power of the court as a court of equity, and the judgment has disposed of all the rights and interests of the plaintiff which are incident to such an action. It is true the case might have been made broader and included all the legal rights of the plaintiff in the property still in the possession of the defendant. But as it was not, and as the judgment is now complete over the equitable controversy between herself and the defendant, it is most judicious to leave it as it has been entered, and not to permit the litigation in this action to be opened again and procrastinated, as it would be by the proposed change, to such an extent that the plaintiff, for the remainder of her life, might be deprived of all its advantages. It is due to her that she should, as speedily as practicable, secure the fruits of this litigation, and that her right in this respect should not be postponed until a further and additional controversy may be settled between herself and the defendant. The order denying her application to change the judgment in this respect was accordingly well sustained by the facts appearing in the action. As the case has been presented, the order affirming the referee's report was right, and so was the judgment entered upon it, and the order denying the defendant's application to set-off commissions alleged to be owing to the receiver, and the order denying this motion, made on behalf of the plaintiff, were also correctly made, and they should all be affirmed, but without costs.

Davis, P. J., and Brady, J., concurred.

Judgment and order affirmed, without costs.