In the Matter of the Estate of JACOB L. RYDER, deceased.

Under and by the Code of Civil Procedure (§§ 2474, 2475, 2739), the power of a surrogate to permit proof of the claim of an executor or administrator against his decedent's estate is confined to the occasion of the judicial settlement of his accounts; the surrogate has no jurisdiction to entertain a proceeding solely for the purpose of proving the claim.

(Argued December 7, 1891; decided December 15, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made March 12, 1891, which affirmed a decree of the surrogate of Westchester county.

This proceeding was instituted by Anna F. Dromgoole, one of the executors of Jacob L. Ryder, deceased, for the purpose of proving a claim for $1,000 for services rendered.

The following is the opinion in full:

"The proceeding was instituted by petition of Anna F. Dromgoole, one of the executors, to the surrogate, setting forth the death of the testator, the probate of the will, the qualification of the executors, that the petitioner and Sarah E. Hall were the only children of the testator, and the claim of the petitioner against the testator and praying that a citation issue to the co-executor and Sarah E. Hall to 'attend the proof of the said claim before the surrogate.' The citation was issued and served on the persons named, and on the return day Sarah E. Hall put in an answer denying the validity of the claim and objecting that the surrogate could not determine its validity, and that the claimant must bring her action.

"The co-executor made no answer.

"The case was tried before the surrogate, who rendered a decree establishing the claim to the extent of $1,000, and directing that the co-executor pay to the petitioner out of the estate the sum awarded.

"The petition was filed more than a year after the issuing of letters testamentary. There was no proceeding for a settlement pending at the time. The matter was an isolated proceeding instituted and conducted solely for the purpose of establishing the claim of the petitioner.

"On the hearing the attorney of Mrs. Hall moved to dismiss the petition on the ground that the surrogate had no jurisdiction to pass on the claim, and at the conclusion of the case an exception was taken to the refusal of the court to rule that the surrogate had no jurisdiction upon the pleadings to entertain the application. The point we think was well taken. Section 2739, of the Code of Civil Procedure provides that 'upon the judicial settlement of the account of an executor or administrator, he may prove any debt owing to him by the decedent.' We find no other provision in the Code on the subject. Under the Revised Statutes an executor or administrator was prohibited from retaining any of the property of

the decedent in satisfaction of his own debt, until it should be proved and allowed by the surrogate. (2 Rev. St. 88, § 33.) The act of 1837 (Chap. 460, § 37), added a provision that the proof of the debt of an executor or administrator, 'may be made on the service and return of a citation for that purpose, directed to the proper person, or on the final account of any such executor or administrator.'

" Several cases were determined while these provisions were in force. (*Kyle* v. *Kyle*, 67 N. Y. 408; *Shakespeare* v. *Markham*, 72 id. 400; *Boughton* v. *Flint*, 74 id. 476.)

" It will be noticed that section 2739 of the Code permits an executor or administrator to prove his claim upon a ' judicial settlement' of his account, and does not contain the alternative provision contained in the act of 1837, that it may be done ' on the service and return of a citation,' or ' on the final account.' The provisions of the Revised Statutes and of the act of 1837 are repealed, and section 2739 of the Code is a substituted provision on the same subject. I do not see how we can construe that section as including a general power that the surrogate may act at any time, and so make his power to cover the proceeding in question. The fact that the Code was to some extent a revision of the prior statutes does not, we think, authorize the court to insert in a section which is adequate for the relief required, an implied provision extending the right of the surrogate to exercise the power in another way or at another time, simply because such a provision was contained in prior statutes.

" The powers of Surrogates' Courts are limited and statutory. Section 2472 of the Code, which defines the jurisdiction of surrogates, concludes with the declaration that the ' jurisdiction must be exercised in the cases and in the manner prescribed by statute.' Section 2475 strengthens the construction that section 2474 was intended to confine the power of the surrogate to permit proof of the claim of an executor or administrator, to the occasion of a judicial settlement. Section 2475 suspends the running of the Statute of Limitations against such claim from the death of the decedent ' until the first judicial settlement' of the acccount of the executor or administrator. This provision would have been unnecessary if

the executor or administrator could at any time have had his claim established. (See *Treat* v. *Fortune*, 2 Brad. 116.) In fixing the judicial settlement as the occasion when this proceeding should be taken, the legislature may have thought that creditors and all parties interested would then be most likely to have actual notice that a claim against the estate was made by the executor or administrator.

"We regret to be obliged to reverse the judgment of affirmance, but we see no other course. It is important that the construction of the statute be settled as a guide in future cases.

"The judgment should be reversed."

*Abraham L. Fromme* for appellant.

*Close & Robertson* for respondent.

ANDREWS, J., reads for reversal.
All concur.
Judgment reversed.