RYDER et al. v. KENNEDY et al.

(Supreme Court, Appellate Division, Second Department. February 19, 1915.)

1. DOWER (§ 107*)—VALUE—TIME OF VALUATION—ACTION.

Under Code Civ. Proc. § 1569, relating to the widow's right of election of a gross sum as dower, in partition proceedings, her right or interest became consummate or vested at the time of her husband's death, and the gross sum which she elects to take must be computed as its value was then according to the tables of mortality, so that she was not entitled to share in rents collected prior to her election.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 180–188; Dec. Dig. § 107.*]

2. PARTITION (§ 86*)—ISSUES—DOWER—AWARD OF GROSS SUM.

Where a party in partition suit has a dower right, and elects in such action to receive a gross sum under Code Civ. Proc. § 1569, the court could adjudge her rights to rents collected prior to her election.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 247–249, 252; Dec. Dig. § 86.*]

Appeal from Kings County Court.

Proceedings for partition by Mary Ryder and others against Meta A. Kennedy, individually and as administratrix of Thomas J. Kennedy, deceased, and others. From an interlocutory judgment of the County Court, defendant named appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Warren Leslie, of New York City (George H. Francoeur, of New York City, with him on the brief), for appellant.

John F. McFarland, of Brooklyn, for respondents Ryder.

William S. Maddox, of New York City, for respondents Gonzales and others.

Martin E. Halpin, of Brooklyn, guardian ad litem, for infant respondent.

Lewis C. Grover, of Brooklyn, for respondent Stege.

Rodney T. Martinsen, of New York City, for respondent Livoni.

Edward V. Farley, of Brooklyn, for respondents Thebaud.

CARR, J. The defendant Meta Kennedy appeals from an interlocutory judgment of the County Court of Kings County in an action in partition. She is the widow of Thomas J. Kennedy, who died, seised of several parcels of real property described in the complaint, without descendants and intestate. With the exception of one Livoni and the defendant appellant, all the other parties are the collateral heirs at law of Thomas J. Kennedy, deceased. During Kennedy's lifetime, Livoni acted as his agent in the collection of rents. After

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kennedy's death, Livoni continued to collect the rents and accumulated quite a large sum of money therefrom. He was made a party to the action, and an accounting by him was sought. He did account, and showed a very considerable sum of money on hand subject to the disposition of the court in this action. In the complaint it was alleged that the defendant appellant was vested of an estate, by dower in the lands of which her husband died seised, and the interlocutory judgment so adjudges. The referee, appointed to take proof of the rights of the respective parties to the action, reported as to the respective interests of the tenants in common in the funds collected and accounted for by Livoni. Prior to the making of the referee's report, the defendant appellant had executed and filed an instrument under section 1569 of the Code of Civil Procedure, consenting to receive a gross sum "in satisfaction of her estate or interest," payable out of the proceeds of sale. Her interest, as pleaded in the complaint, and reported by the referee, and adjudged in the interlocutory judgment, was a consummate right of dower, which vested in her at the time of her husband's death. She now claims that she is entitled to an allowance of a third part of all the rents collected and accounted for by Livoni, and, because such allowance was not granted, she now appeals.

[1] It seems to me that the effect of making her a party defendant and alleging her dower rights consummate in these lands was to seek an admeasurement of her dower therein for this action of partition. At one time, an heir might maintain an action for the admeasurement of a widow's dower in order that he might hold the lands of his ancestor in a condition freely alienable. Again, the dower of the widow might be admeasured by a voluntary agreement without recourse to judicial proceedings. Where it has not been admeasured by voluntary action, the widow has her right under the Code to an action for admeasurement of dower against the heirs or the grantees of her husband. If the action be against the heirs, and her dower has been withheld by them, she may recover damages for a period not exceeding six years, based upon the annual income of the real property to the extent of one-third thereof. But in the Code action for the admeasurement of her dower she may elect to take a gross sum in full satisfaction of her interest, and the heir may pay it and end her action. If she so elects, and the heir does not accept her election, if it be necessary to sell the lands, then a gross sum will be paid her in full satisfaction of her interest out of the proceeds of the sale. Code of Civil Procedure, §§ 1617 to 1624. If the widow brings no action to admeasure her dower, but the heirs ask a partition of the lands, and the pleadings admit the widow's right of dower, then she should have her admeasurement of dower in that action. By section 1569 of the Code of Civil Procedure, she may elect in the partition action to—

"receive, from the proceeds of the sale, a gross sum, to be fixed according to the principles of law applicable to annuities, in satisfaction of his or her estate or interest."

Now, her right or interest became consummate, or vested, at the time of her husband's death, and the gross sum which she elects to take must be computed as its value was then according to the

tables of mortality. No precedent has been cited on this point in the numerous briefs of counsel on this appeal. After some labor, I have found none myself in the reports of this state. There is a discussion of it, to my mind most convincing, in Goodburn v. Stevens, 1 Md. Ch. 420, 438, et seq. Apparently to the contrary, but on quite dissimilar facts, there is a holding as to the time of computation in McLaughlin v. McLaughlin, 22 N. J. Eq. 505.

[2] It is contended by some of the respondents that no relief can be accorded in this action to the dowress appellant as to income from the property accrued and received prior to her election to take a gross sum. This contention is based upon what is claimed to have been decided in Kyle v. Kyle, 67 N. Y. 400. That action, however, was not one in partition, and many of the expressions in the opinion in that case are obiter, and I feel that it does not control here. I think that the widow is entitled to a gross sum in place of her entire interest and its legal incidents, and we affirm the interlocutory judgment on this ground, and the final judgment of distribution should award her that sum, computed from the date of the death of her husband.

I recommend that the interlocutory judgment be affirmed, without costs, except as to the guardian ad litem, to whom costs should be allowed. All concur.