MARY RYDER et al., Respondents, *v.* META A. KENNEDY, Individually and as Administratrix of the Estate of THOMAS J. KENNEDY, Deceased, Appellant, and KATE B. STEGE et al., Respondents.

Partition — widow's right to dower in rent collected after her husband's death.

1. When a widow elects to take a gross sum in satisfaction of her dower, she is entitled by virtue of her dower right to an interest in one-third of the rents collected after her husband's death, and she should be allowed that sum in addition to her share of the proceeds of the sale of the property, based upon her expectancy of life.

2. Where a widow who was a defendant in an action of partition claimed her dower interest and filed a consent to accept a gross sum in satisfaction thereof, she is entitled to receive one-third of the rents of the premises collected after the death of her husband, although she did not set up a claim to damages for withholding dower, and it is error to refuse to make such allowance to her in the partition action.

*Ryder* v. *Kennedy*, 172 App. Div. 890, modified.

(Submitted October 8, 1918; decided November 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 9, 1915, affirming a final judgment of the Kings County Court in favor of plaintiff and defendants, respondents, entered upon an interlocutory judgment confirming the report of a referee.

The action is in partition, brought by certain of the heirs at law of Thomas J. Kennedy, deceased, against his

widow, Meta A. Kennedy, and certain of his other heirs and other persons interested in the estate. Kennedy died in 1910, leaving his widow aforesaid, but no descendants. His heirs at law, parties to the action, were collateral relatives.

The defendant Meta A. Kennedy answered in the action by what was in effect a general denial of the allegations of the complaint, except those which alleged that she had a right of dower in the premises sought to be partitioned. She did not set up any claim to damages for withholding her dower. Other defendants also answered and the action was referred to a referee to hear and determine and to take the proofs required by law.

The defendant Philip Livoni, as agent, had collected the rents of the real property involved after the death of Thomas J. Kennedy as he had done prior thereto. The net amount of the rents which accrued after the death of Kennedy is about $12,000 which is on deposit to the credit of the action with the chamberlain of New York city.

There is no controversy as to the rights and interests of the parties in the premises sought to be partitioned. The only question is whether the widow, Meta A. Kennedy, is entitled to any share of the rents which Livoni collected.

The referee found that the rents belonged to the heirs at law of the deceased and that the widow, Meta A. Kennedy, was not entitled to any share therein. To these findings she duly excepted.

Before the referee's report was made the widow filed her consent to accept in satisfaction of her dower a gross sum "the amount of which shall be ascertained pursuant to law."

An interlocutory judgment was entered on the referee's report which decided that the rents belonged to the

heirs. A sale of the property was had and a final judgment was entered directing a distribution of the proceeds of the sale and also of the rents in accordance with the provisions of the interlocutory judgment. From that final judgment the defendant Meta A. Kennedy appealed.

*George H. Francoeur* and *Warren Leslie* for appellant. The lower court committed error in excluding Meta A. Kennedy, the widow of Thomas J. Kennedy, deceased, from participating in the rents then and now in the hands of the receiver, appointed by the court in the partition proceedings. (*Kyle* v. *Kyle*, 67 N. Y. 400; *Armstrong* v. *Union College*, 55 App. Div. 303.)

*John F. McFarland* for plaintiffs, respondents. The appellant had no right to any part of these rents — as rents. (*Green* v. *Putnam*, 1 Barb. 500; *Stewart* v. *McMartin*, 5 Barb. 438; *Cox* v. *Jagger*, 2 Cow. 651; *Mutual Life Ins. Co.* v. *Shipman*, 119 N. Y. 324; *Jackson* v. *O'Donaghy*, 7 Johns. 247; *Sigler* v. *Van Riper*, 10 Wend. 14.) It is only by virtue of the statute, and the statute alone, that the widow is entitled to damages for withholding her dower and these damages can only be recovered in her own action for dower and not in an action for partition. (*Kyle* v. *Kyle*, 67 N. Y. 400.) Where the widow files her consent to accept a gross sum in full satisfaction and discharge of her right of dower she is bound by said consent. This gross sum is all of her recovery in an action of partition and said sum is payable from the proceeds of the sale and she is not entitled to share in rents collected prior to her election. (*Ryder* v. *Kennedy*, 166 App. Div. 146.)

*Lewis C. Grover* and *Theodore Burgmyer* for Kate B. Stege, defendant, respondent. In an action for a partition where it is found that the property is incapable of actual partition and that it should be sold free from the lien

of the estate by dower, a dowress is only entitled to a gross sum from the "proceeds of sale." (Code Civ. Pro. §§ 1567, 1568.) A widow can only claim rents or profits from her husband's real estate when she has brought an action for dower under the Code. (*Whitthans* v. *Shack*, 31 Hun, 590; Code Civ. Pro. § 1600.)

*Philip E. Good* for Emma Gonzales et al., defendants, respondents. The widow can only recover rents from and after the death of her husband and until her dower is admeasured, in an action of dower itself and then not as rents, but by way of damages for withholding. (*Kyle* v. *Kyle*, 67 N. Y. 400; Code Civ. Pro. § 1600.)

*Richard R. Costello* and *Charles G. Coster* for Joseph Theband et al., respondents.

CUDDEBACK, J. It is quite evident that if the final judgment appealed from directing a distribution to the heirs at law of the rents from the real estate sought to be partitioned stands, the widow will not be able hereafter to obtain any portion of the rents which accrued from those premises after her husband's death. In the face of that judgment she could not thereafter maintain an action for arrearages of dower if otherwise she might.

It is the duty of an heir to assign dower to the widow as soon as may be after quarantine without any demand being made therefor. Section 1600 of the Code of Civil Procedure provides that in an action for dower the widow may recover in the same action damages for withholding her dower to the amount of one-third of the annual value of the mesne profits of the property, with interest, to be computed from her husband's death, and that in such action no previous demand of dower need be made of the heir.

In this action the husband died in July, 1910. The

interlocutory judgment was rendered in July, 1914, and final judgment in April, 1915.

It needs no argument to show that if this were an action under the Code by the widow for the admeasurement of her dower she could recover in the same action part of the rents as damages for withholding her dower.

· What good reason is there why she should not recover such damages in this action of partition? One reason advanced is that the widow in the answer which she served did not claim damages for withholding her dower. That is true, but before the making of the referee's report she did execute and file, as provided by section 1599 of the Code of Civil Procedure, a consent to accept a gross sum in satisfaction of dower, " the amount of which shall be ascertained pursuant to law." In *Kyle* v. *Kyle* (67 N. Y. 400, 405) it is said: " dower is the principal thing, and the rents and profits merely accessory and consequential."

The referee assumed to pass upon the question as to who was entitled to these rents, and he decided that the widow was not entitled to share in the rents, but that the whole amount thereof belonged to the heirs. Upon the facts shown, if the widow had served no answer at all, would not the referee, with the widow's consent before him to accept a gross sum, to be " ascertained pursuant to law," have been compelled to award her a share of the rents? Might not the widow assume that the gross amount which she had consented thus to accept would include a share in the rents as incidental to her dower? I think so.

It is suggested that section 1569 of the Code of Civil Procedure provides that where in partition a widow consents to accept a gross sum in satisfaction of her dower, she is entitled to receive from the proceeds of the sale a gross sum to be fixed according to the principles of law applicable to annuities, and nowhere is there any

provision made for sharing in the rents which accrued after her husband's death. But it will be observed that in section 1664, which applies in actions for dower, the same provision exists as to the method of calculating a gross sum in those actions, and no difficulty is experienced in such cases in providing for the recovery by the widow for damages for withholding her dower under section 1600. Section 1625 of the Code seems to contemplate that actions for partition and actions for dower shall be conducted on the same principle, and that the procedure shall be the same so far as possible.

In a somewhat similar case the Supreme Court of Georgia held that when a widow elects to take a gross sum in satisfaction of her dower, she is entitled by virtue of her dower right to an interest in one-third of the rents and profits after her husband's death, and she should be allowed that sum in addition to her share of the proceeds of the sale, based upon her expectancy of life. (*Johnson* v. *Gordon*, 102 Ga. 350.) That is the only decision I have found which gives much aid in the consideration of this case, but upon principle, I think the determination of the Appellate Division should be modified. There is enough before us in this action of partition to do complete justice between the parties, and there is nothing in the pleadings which prevents us from so doing.

I recommend that the judgment appealed from be modified so as to provide that the appellant shall receive one-third of the rents deposited with the city chamberlain to the credit of this action, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.