## TREAT *vs.* FORTUNE.

### *In the matter of the Estate of* JAMES TREAT, *deceased.*

IN an administration suit, it is not the exclusive right of the executor or administrator to plead the statute of limitations, but that may be done by any party interested in the fund.

The claim of an executor or administrator against the deceased has no priority over the demands of other creditors.

An executor or administrator cannot retain assets of the estate in payment of his own demand, until it has been proved to and allowed by the Surrogate, which allowance can be made on citing the parties in interest, or on the final accounting.

The statute of limitations may be set up in bar to a demand of the executor or administrator when he proceeds to prove the same, as provided by statute.

A. H. DANA, *for next of kin.*
JAMES FORTUNE, *Administrator, in person.*

THE SURROGATE.—On the final accounting of the administrator, several objections were raised by the guardian of the next of kin. The most important of these related to a personal claim of the administrator against the intestate, for the expenses of an expedition to Texas, which is now for the first time presented, though the administrator has been called to account before.

The transaction occurred, as alleged by the administrator, between the 25th of January 1836, and the 3d of November 1838. Thirteen years expired before he presented

his demand for adjudication. The guardian of the next of kin, now sets up the statute of limitations against the claim. In an administration suit it is not the exclusive right of an executor or administrator to interpose the statute, but that may be done also by any other party interested in the fund. (*Shewen* v. *Vanderhurst*, 1 *Russ & My.*, 347 ; 2 *ibid*, 75.) Previous to the Revised Statutes, an executor or administrator, a creditor of the estate, had a preference over other creditors whose claims were not superior to his in dignity ; and he might accordingly retain the amount due him from the assets of the estate, and the statute of limitations could not be interposed in bar of the exercise of such a right of retainer. (*Rogers* v. *Hosack's Exrs.*, 18 *Wend*, 319. 6 *Paige* 426. *S. C.*) But the right of retainer, is so changed by the Revised Statutes, that the executor or administrator can no longer pay his own demand—nor can he retain part of the property of the deceased for that purpose, unless the debt has been proved to and allowed by the Surrogate, which allowance can be made on the proper persons in interest being cited, or on the final accounting. ( 2 *R. S. 3d ed.*, *p.* 152, § 35.) One of the objects of this alteration in the law was " an early exhibition of the administrator's claims " ( 3 *R. S.*, 2*d ed.*, *p.* 642, *Revisers' Notes*) ; and by the act of 1837, means were provided for enabling the administrator to bring in all the parties interested, even before the final accounting. The right of retainer, then, no longer exists, until the debt is established judicially by proper proof, the same as in the case of any other creditor; and a course of procedure is provided, tantamount to a suit, by which that end may be accomplished. As it is in the power of the executor or administrator to institute this proceeding at any time, I see no reason why the statute of limitations should not be applied to his demand, the same as to any other. In abolishing the right of retainer, the statute has also removed the reason why the statute of limitations could not be pleaded, by giving a mode of establishing the debt against the estate, without involving the absurdity of

the administrator suing himself.    Why, then, should he not establish his debt within the same period as other creditors are bound to do under the requisitions of the statute,— why, when he has legal process for that purpose at his command, should he be permitted to keep back his claim until the transaction has become old and stale?    I can see no principle in the way of applying the statute to such a demand.    The facilities afforded by the possession and control of the papers and documents of the deceased are such, that an administrator or executor should, of all persons, be called upon promptly to present his claims.    The object of this statute was to lead to an early adjustment of his demands, and every consideration of policy is in favor of such a construction of the law as may conduce to that end. I have, therefore, come to the conclusion that, since the Revised Statutes went into effect, with the 37th section of Chap. 460 of the Laws of 1837, a remedy having been supplied by which the executor or administrator can at any time institute a *quasi* suit and establish his debt, the statute of limitations is applicable to his claim, and may be interposed by any parties interested in the estate.    This view of the case precludes the necessity of expressing an opinion on the merits of the demand of the administrator; but I may add that, after a full examination, I do not think it sufficiently proved.