·MONROE COUNTY.—HON. JOSEPH A. ADLINGTON, SURROGATE.—November, 1889.

MATTER OF WILLARD.

*In the matter of the judicial settlement of the account of* WILLIAM A. WAUGH, *executor of the will of* JOHN R. WILLARD, *deceased.*

Testator left to his wife his personal property absolutely and the use of his real estate for life, and the real estate was directed to be sold at her death and the proceeds distributed to his descendants.   There was a judicial settlement of the account of the executor, to which the widow alone was cited, and under the account as then presented a balance was found due from the estate to the executor.   Upon a subsequent accounting, to which all the parties in interest were cited, it appeared that at the time of the prior accounting there was an amount in his hands sufficient to pay all the debts of the estate, including a claim of his own.   *Held,* that the executor could not on the second accounting maintain a claim for his debt against the realty of the estate.

Under section 2740 of the Code of Civil Procedure, which suspends the running of the Statute of Limitations upon a claim of an executor or administrator against a debt due from the decedent to the accounting

party from the time of the death of the decedent to the first judicial settlement of the account of the executor or administrator, the Statute of Limitations begins to run against such a debt from the time of a judicial settlement of the account of the executor or administrator in proceedings wherein one interested party only, *i. e.*, a legatee of the personalty and life tenant of the real estate, is cited.

FINAL accounting of William A. Waugh, executor of the will of John R. Willard, deceased.

W. D. SHUART, *for executor.*

M. E. LEWIS, *for contesting legatees.*

JOHN M. STEELE, *for guardian.*

THE SURROGATE.—The above named testator died August 31, 1874.   His will was admitted to probate September 24, 1874, and letters testamentary were on that day issued to William A. Waugh.   By his will, the decedent gave to his wife Sarah V. Willard all his personal property absolutely, and the use of his real estate during life.   After the widow's death, the real estate was to be sold, and the proceeds distributed in unequal sums among the descendants of the testator.

The widow died on January 12, 1889, and thereafter the decedent's real estate was sold by the executor for $4,956.06, and an expense of $47.84 was incurred in making the sale.   No controversy arises over this part of the executor's proceedings.   This proceeding for a final settlement was begun by the executor on June 14, 1889, and all persons interested in the above mentioned fund have been duly cited.

On the hearing herein, the executor presented a claim in his own favor for $381, and interest from October 2, 1874, which he seeks to have allowed out of the proceeds of the real estate.   This claim is

founded upon a note for $500, dated February 26, 1870, given by the decedent to Mr. Waugh, the executor. Upon the note are several indorsements, the last being for $50, dated June 6, 1874.

The contestants resist this claim, and insist that the testator's personal estate was ample to pay all his debts, including this note held by the executor. They also maintain that this claim is barred by the Statute of Limitations.

To determine the question so raised, it is necessary to ascertain the amount of the decedent's assets and liabilities, and to know what the executor has done in the matter before the pending proceeding was instituted.

It appeared that on July 30, 1879, this executor filed in this court a verified petition, in which he alleged that he desired to render an account of the proceedings in the administration of this estate, to have such account finally settled, and a decree of final settlement entered thereon according to law. The petition further alleged that the widow, Sarah V. Willard, was the only legatee under the will of the decedent, although in fact, there were seven other legatees entitled to citation. *Rev. Stat.*, part 2, chap. 6, art. 3, tit. 3, § 70.

Citation was issued upon the petition, returnable August 21, 1879, and was served on Sarah V. Willard only. The executor's account in said proceeding was not verified until December 27, 1879, and on the same day a decree of final settlement was entered therein, signed by my predecessor in office. That decree states that the assets of the estate amounted to

$1,308.08, that the executor had paid out on account of the estate $1,753.65, leaving balance due him of $445.57.

The executor's account in the present proceeding alleges the entry of the aforesaid decree, and the finding of the said balance in his favor, but the executor's counsel concedes that the contestants are not bound by said decree.

A copy of the former account is annexed to and made a part of the present one.   That former account relates exclusively to the personal estate of the testator, and professes to account for its disposition.

Subject to payment of debts and legal charges, the personalty under the will went to the widow whose estate is not represented herein.   In the pending proceedings the contestants are only concerned with said old account for the purpose of ascertaining whether or not the personal estate was sufficient to pay all debts of the testator and the charges of settling his estate.   If there was enough for that, no claim can be maintained for the proceeds of the realty.   Turning now to the copy of the former account annexed to, and made a part of the account in this proceeding, I find that the sum total of the personal assets with which the executor therein admits that he is chargeable, is $1,754.57, instead of $1,308.08, as stated in the decree of December, 1879, and that the executor credits himself with the payment of various items amounting to $1,753.65 and including commissions $57.70; executor's expenses $65.70, and his own note against the deceased, $528.94.

It therefore appears that when he made the afore-

said settlement in 1879, the executor had received and was accountable for a sufficient sum to pay all known claims against the estate, his own included. Moreover, the evidence taken on this hearing shows that $50 of the item $65.70 for executor's expenses mentioned above, was money paid by the executor to himself in excess of commissions, for personal services, which is contrary to law. Collier v. Munn, 41 *N. Y.* 143; Morgan v. Hannas, 13 *Abb. N. S.* 361.

The executor had no right to deduct his commissions until they had been allowed by the Surrogate or to pay his own claim. Carroll v. Hughes, 5 *Redf.* 337; Wheelright v. Rhoades, 28 *Hun* 57; *Rev. Stat.*, pt. 2, ch. 6, title 3, § 33.

The payment of taxes by the executor was proper under the authorities. Mygatt v. Washburn, 15 *N. Y.* 320; Matter of Babcock, 115 *N. Y.* 450.

It must accordingly be held that the decedent's personalty was ample to pay all valid claims against his estate, and the executor's claim upon the proceeds of the realty must be disallowed. The claim of the executor is also barred by the Statute of Limitations, and the protection of that statute can be claimed whenever the demand is presented. Treat v. Fortune, 2 *Bradf.* 116; Warren v. Paff, 4 *Id.* 260; Burnett v. Noble, 5 *Redf.* 69.

The following provisions of the Revised Statutes and of the Code of Civil Procedure regulate the payment and proving of all claims of this character, as well as the running of the Statute of Limitations against them, viz.:

" No part of the property of the deceased shall be

retained by an executor or administrator in satisfaction of his own debt or claim until it shall have been proved to and allowed by the Surrogate." *Rev. Stat.,* § 33, cited above.

" Upon a judicial settlement of the account of an executor or administrator, he may prove any debt owing to him by the decedent."   Code, § 2739.

" From the death of the decedent, until the first judicial settlement of an account of his executor or administrator, the running of the Statute of Limitations against a debt due from the decedent to the accounting party . . . . . is suspended . . . . . After the first judicial settlement of the account of an executor or administrator, the Statute of Limitations begins again to run against a debt due to him from the decedent."   Code, § 2740.

What is meant by " judicial settlement " in the provision last quoted is declared by subd. 8, § 2514 of the Code as follows :

" The expression, judicial settlement, where it is applied to an account, signifies a decree of a Surrogate's Court, whereby the account is made conclusive upon the parties to the special proceeding, either for all purposes, or for certain purposes specified in the statute."

Applying these provisions of the statutes to the case in hand, it seems very clear that the executor's demand is barred by the lapse of time.

There was a " judicial settlement " of the account of this executor on December 27, 1879, by which the account then rendered was made conclusive on the decedent's widow, the sole party cited in that proceed-

ing.   The claim of the executor was subject to the six years' limitation; the statute has run against it long before the commencement of this proceeding.

The executor's counsel argues that the judicial settlement of 1879 did not set the Statute of Limitations in motion against the executor, because the contestants are not bound by that proceeding.   But that theory stands directly opposed to the plain language and evident intent of the Code as above quoted.

There must be a decree disallowing the claim of the executor herein, and directing the distribution of the fund to those entitled thereto.