. [CATTARAUGUS SPECIAL TERM, February 5, 1872. *Lamont,* Justice.]

————————•♦•————————

MORGAN EVERTS, executor &c., appellant, *vs.* HENRY EVERTS and others, respondents.

Notwithstanding an executor has removed from the State, and refused to give bail, after being required by the surrogate to do so, he may settle his accounts before the surrogate; and if all parties entitled to notice voluntarily appear, the surrogate has jurisdiction; and his decree for a final settlement, thus made, is final, unless appealed from.

If a court has jurisdiction of the subject matter, voluntary appearance completes the jurisdiction, and authorizes any decree or judgment which the court may make.

An executor residing in another State, who necessarily comes to this State, to prove the will, is entitled to be allowed, on the final settlement, of his account, the expenses of his journey.

On the final accounting of an executor, it is error for the surrogate to receive evidence of the declarations of the testator against the executor, in reference to business matters between them, tending to charge the latter with an indebtedness to the estate.

It is not every claim which a testator has against the person named as executor, in his will, that under the statute, (3 *R. S.* 171, § 14, *5th ed.,*) becomes "assets" and a part of the personal estate of the deceased, but it is any "*just claim.*" The executor is *prima facie* chargeable, for a debt owing by him, notwithstanding his appointment as executor; but it is competent for him to show the claim to be unfounded and unjust.

The validity or justice of the claim must, when denied, be in some way determined, and as it must be determined before the estate can be finally settled, it must be tried in the surrogate's court, in the same way, and for the same reason, that claims against the estate, in *favor* of the executor, must be tried in that court.

When incompetent evidence has been received, it is the duty of the party offering it to show that it was harmless.

APPEAL from a decree of the surrogate of the county of Oswego, made upon the final accounting of the appellant, Morgan Everts, as executor of Philo Everts, deceased. Henry Everts, being interested as a legatee, appeared and contested the said account; and several other persons being interested in the decree of the surrogate, were made parties respondent, with the contestant.

The executor alleged, in his petition of appeal, among other things, that he was, by the last will and testament of Philo Everts, deceased, appointed the executor thereof, and was duly authorized and empowered by the surrogate of Oswego county to administer upon the estate, and gave the bail required. That afterwards, to wit, on the 1st day of December, 1859, Bradley Higgins, one of his sureties, applied to the surrogate to be released from responsibility on account of the future acts or defaults of said Morgan Everts, on the ground that he was then about to depart to the State of Iowa, there to reside permanently. That the said surrogate thereupon issued and caused to be served upon the executor a citation whereby and wherein he was required and ordered by such surrogate to appear before him and to give new sureties for the faithful discharge of his duties, with which order and citation the executor was unable to comply, and did not comply; whereupon, afterwards, to wit, on the 19th day of December, 1859, the said surrogate did, by his order, revoke the letters testamentary theretofore issued and granted by him to said executor. That afterwards the appellant was cited and ordered by the said surrogate at the instance of Sally Everts, a co-executor with the appellant, to render an account of the proceedings of the appellant, as such executor. That thereupon an account duly verified was rendered by the appellant to the said surrogate of his proceedings as such executor. That after proof was taken and a hearing had upon the matter so before such surrogate, a sentence or decree was pronounced by him on the 27th day of March,

Everts *v.* Everts.

1861, by which it was adjudged and decided that the accounts of the petitioner be settled by charging him with the amount of the inventory, less $150 paid to the widow of said deceased, to wit, $1279.64, thereby charging the petitioner with a note of $600 and interest, which said note before that time had been delivered to and was in possession of his said co-executor, the said Sally Everts, and upon which there was then due by the terms thereof $647.80. That the petitioner was also thereby further charged by the said surrogate with the additional sum of $400, alleged to be due the said estate from him. That he was also thereby credited by the said surrogate with commissions upon the said $1279.64 and the said $400, less the said note of $647.80 deducted in estimating such commissions, for the alleged reason that it was then in the hands of the petitioner's co-executor, the said Sally Everts, which commissions were credited at the sum of $51.09. That the appellant was also thereby credited with costs and expenses paid by him in settling the estate, the sum of $370.12. And also for decrease of inventory, $25.13. Total, $446.34. Leaving a balance, as decreed by said surrogate, for distribution, of the sum of $1233.30. That in the progress of the trial of the said matter before the surrogate, for the purpose of establishing a supposed claim of the said estate against the appellant, the contestant proposed to prove certain declarations of the testator, made in his lifetime in the absence of said appellant, to which the appellant objected as being improper, as against him. The surrogate overruled the objection, and the appellant excepted thereto. The contestant then proved, under said decision of the surrogate, by Eben P. Everts, one of the witnesses produced by the contestant, that Philo Everts, the testator, wanted the witness to pay him, the said testator, some money before it was due, to send to his son Morgan, the said appellant. And by Mary Sampson, another of the witnesses of said contestant, that her father, the said testator, told her, the

said witness, that Morgan, the appellant, had $1400 of his, the said testator's money. That upon the said trial the contestant also offered as a witness Martin Sampson, the husband of Mary Sampson, who was one of the legatees named in the will of the testator, and by the said will entitled to a legacy to be paid out of the estate. The appellant objected to the said Sampson's being sworn as such witness, upon the ground of interest. The surrogate overruled the objection and admitted the witness, who was sworn as such witness, and gave material testimony upon said trial against the appellant; to which decision of the surrogate the appellant duly excepted. The contestant also offered Mary Sampson, the legatee aforesaid, as a witness, and the appellant also objected to her, upon the ground of interest. She was thereupon sworn upon her voir dire, and testified that she held the contestant's note for her claim for such legacy, to be paid when the heirs were paid off. Whereupon the surrogate decided that she might be sworn as such witness, to which decision the appellant duly excepted; she was sworn as a witness as aforesaid, and gave material testimony against the appellant.

The appellant alleged that the said sentence and decree was erroneous, and stated, among other grounds of error therein, the following, to wit:

*First.* The said surrogate erred in receiving the declarations of said testator in evidence.

*Second.* The said surrogate erred in allowing Martin Sampson to be sworn as a witness against said appellant.

*Third.* The said surrogate erred in allowing Mary Sampson to be sworn as a witness against said appellant.

*Fourth.* The said surrogate erred in charging said appellant with the note of $600 and interest as cash.

*Fifth.* The surrogate erred in charging the appellant with said $400 mentioned in said decree as "proved to be

Everts *v.* Everts.

due the estate from Morgan Everts," and also in finding $1233.30 in appellant's hands for distribution.

*Sixth.* The said surrogate erred in entertaining and retaining jurisdiction of this accounting, under the circumstances, as they appeared before him.

This appellant alleged that the said sentence or decree was especially erroneous in the particulars specified, and further that the said sentence or decree, and every part thereof, was erroneous, and prayed that it might be reversed, modified and amended, as might be agreeable to equity.

An answer was put in, to the petition of appeal.

*R. H. Tyler,* for the appellant.

*C. Whitney,* for the respondent Henry Everts.

*By the Court,* MULLIN, J. It was competent for the executor to settle his accounts before the surrogate, and if all those who were entitled to notice voluntarily appeared, the surrogate had jurisdiction, and his decree thus made is final, unless appealed from. If a court has jurisdiction of the subject matter, voluntary appearance completes the jurisdiction, and authorizes any decree or judgment which the court may make.

I think the surrogate properly allowed the expenses of the executor in coming from Iowa when the will was proved. The testator knew that such journey must necessarily be made, and it was necessary to enable him to qualify.

I have some doubt about the allowance of the charge for board. That is an item covered by the commissions, unless it forms part of the expenses of a journey made expressly on the business of the estate. An executor or administrator cannot charge for board at his own house while engaged in the business of the estate. The time for

which allowance is made is very long, having regard to the small amount of assets which passed into the hands of the executors. But as the expenses of the journey are allowable, it is proper, perhaps,. to allow the board.

The expenses of. the subsequent journeys and board were properly disallowed. The. journeys were wholly unnecessary, so far as appears by the case. For a tithe of the money charged, a competent agent would have performed all the services rendered by the executor. The surrogate having allowed the costs of the suits brought by the executors, I see no reason why we should interfere with his decree on that ground.

The surrogate erred in receiving evidence of the declarations of the testator, against the executor, in reference to their own private business. The declarations of the testator or intestate are competent against the personal representative in actions between the latter and third persons in reference to the estate. As his acts bind the representative, so do his declarations. But that has no analogy to the case at bar. The effort, as I understand it, was to show that the executor was owing the estate borrowed money, and it was proposed to prove it by the declarations of the testator. They were clearly incompetent, and. ought not to have been received. The evidence of E. P. Everts, as to the declarations of the testator, are quite direct and specific, and I am unable to say whether they were of .any weight in the case. Being incompetent, it is the duty of the party offering them to show that they were harmless.

The surrogate also erred in charging the executor with the note which the testator held at his death against him. The Revised Statutes, (vol. 3, p. 171, § 14, 5th ed.,) provide, that naming any person in a will as executor, shall not operate as a discharge or bequest of any just claim which the testator had against such executor, but such claim shall be included among the credits and effects of

the deceased in the inventory, and such executor shall be liable for the same as so much money in his hands at the time such debt or demand becomes due; and he shall apply and distribute the same in payment of debts and legacies and among the next of kin, as a part of the personal estate of the deceased. The reason why the debt was held, before the passage of the act, of which the clause cited is a part, to be released by appointing the debtor, or one of several joint debtors, executors, was, that there was no person to bring suit upon it, and such result being brought about by the voluntary act of the testator, the debt was held to be released, But it will be seen, by the section cited, that it is not every claim which the testator had against the person named as executor that becomes " assets ;" but it is any *" just claim."* The executor is *prima facie* chargeable, but it is competent for him to show the claim unfounded and unjust. The validity or justice of the claim must, when denied, be in some way determined, and as the executor cannot sue himself, and as the question must be settled before the estate can be finally settled, it must be tried in the surrogate's court in the same way, and for the same reason, that claims against the estate in favor of the executor must be tried in that court. By trying in that court, the parties lose the benefit of a trial by jury; but that results from the voluntary act of the creditor in the one case, and the debtor in the other, accepting a trust which makes another mode of trial absolutely necessary.

The decree of the surrogate must be reversed, and proceedings remitted to the surrogate's court, to the end that the validity of the note alleged to be usurious, may be determined.

[OSWEGO GENERAL TERM, July 8, 1862. *Mullin, Morgan* and *Bacon,* Justices.]