WILLMINA B. NEILLEY, as Administratrix, etc., Respondent, *v.* JOHN H. NEILLEY, et al. as Administrators, etc., Appellants.

The provision of the Revised Statutes, prohibiting an executor or administrator from retaining any part of the property of the decedent, "in satisfaction of his own debt or claim until it shall have been proved to or allowed by the surrogate" (2 R. S. 88, § 33), gives to the surrogate jurisdiction to pass upon and settle claims held by the executor or administrator in a representative capacity against the estate, as well as one held by him individually.

Accordingly *held* that a surrogate, on settlement of the accounts of an administrator, had jurisdiction to pass upon and settle a claim against the estate held by him as the administrator of another estate, and that a decree of the surrogate disallowing said claim, was a bar to an action to recover the same.

Also that the fact that another was joined as administrator of one estate while he was sole administrator of the other was immaterial.

*Neilley* v. *Neilley* (23 Hun, 651), reversed.

(Submitted May 4, 1882 ; decided June 6, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 8, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 23 Hun, 651.)

This action was brought by plaintiff, as administratrix of the estate of Sarah Byron, deceased, to compel defendants, as administrators of the estate of Alexander Waldron, deceased, to account for and pay over an alleged trust fund in the hands of their intestate at the time of his decease.

The defendants' answer set up the statute of limitations, and the surrogate's decree on settlement of their accounts.

The referee found in substance that on or about the 4th day of November, 1882, the said Sarah Byron placed in the hands of her brother, Alexander Waldron, in trust, the balance of a legacy bequeathed to her by her father, and received from him the following paper :

" I do hereby acknowledge to have in my possession, and hold in trust for my sister Sally, the wife of George Byron, the sum of $268, being the balance due to her this day for her proportion of $1,000 directed to be paid by my father in his last will and testament by my brothers Jacob, Tobias and myself, to his daughters, for which sum I promise to pay my sister legal interest as long as the same remains in my hands, and from time to time, as her necessities may require, advance to her a proportion of the principal moneys, it having been agreed between me and her husband, the said George Byron, that the said moneys shall remain in my hands in trust for his wife and for her sole benefit.

" Witness my hand this 4th day of November, 1828.

" $268.      (Signed)      ALEXANDER WALDRON."

Sarah Byron died in 1842, leaving her surviving her daughter, and only heir at law, the plaintiff Willmina B. Neilley,

wife of John H. Neilley, and letters of administration were duly issued to her said daughter by the surrogate of Rockland county. Alexander Waldron died in 1877, and letters of administration on his estate were duly issued to said Willmina B. Neilley and John H. Neilley, her husband, by the said surrogate. No part of the principal or interest of said trust fund has ever been paid over or accounted for by the said Alexander Waldron or his said administratrix or administrator. Prior to the commencement of this action, and on or about the 16th day of September, 1878, the defendants, as such administrator and administratrix, commenced a proceeding before the surrogate of Rockland county for the final settlement of their accounts. Plaintiff, as administratrix of Sarah Byron, deceased, had previously presented to the defendants, as administrators of Alexander Waldron, a claim for the payment of the principal and interest of said trust fund to her out of the estate of said Waldron, which claim the said administrators of Alexander Waldron did not allow. Upon the said final accounting plaintiff, as administratrix, as aforesaid, presented said claim to the said surrogate and asked that he would allow it out of the Waldron estate. Certain of the heirs of Alexander Waldron, deceased, appeared on said accounting and filed objections to the allowance of said claim, among other things claiming that such a claim ought not to be determined upon a final accounting in a Surrogate's Court, and that the claim was barred by the statute of limitations. A hearing was had thereon and testimony was taken before said surrogate, who made an order or interlocutory decree, whereby he ordered and decreed that said demand was not a valid claim against the estate of said Alexander Waldron, deceased, and setting aside and disallowing the same. Plaintiff, as administratrix of Sarah Byron, appealed to the Supreme Court from said order or decree, which appeal is still pending and undetermined.

As conclusions of law the referee found that the paper so signed by Alexander Waldron was a declaration of trust on his part; that the surrogate of Rockland county had no jurisdiction to dispose of the claim submitted to him on the final ac-

counting to, and the order or decree so made by him was not a bar to this action, and that the claim made by the plaintiff was not barred by the statute of limitations.

*C. Stewart Davison* for appellants. The adjudication of the surrogate of Rockland county, upon the question never having been reversed or set aside, is a defense to this action. (*Rigney v. Coles*, 6 Bosw. 479; *People v. Townsend*, 37 Barb. 320.) That the surrogate had jurisdiction is not only within the words of the statute (2 R. S. 88, § 33), but within the adjudications of the court. (*Kyle v. Kyle*, 67 N. Y. 400; *Shakspeare v. Markam*, 72 id. 400; *Boughton v. Flint*, 74 id. 476; *Smith v. Webb*, 1 Barb. 230.)

*George H. Forster* for respondent. The proceedings before the surrogate were without jurisdiction, null and void. (*Bevan v. Cooper*, 72 N. Y. 318, 327; *Curtis v. Stilwell*, 32 Barb. 354; *Stilwell v. Carpenter*, 59 N. Y. 414.)

ANDREWS, Ch. J. We are of the opinion that the surrogate of Rockland county, had jurisdiction on the final settlement of the accounts of the defendants, as administrators of the estate of Alexander Waldron, to pass upon and settle the claim of the plaintiff as administratrix of the estate of Sarah Byron, against the estate of Alexander Waldron, arising out of the instrument of November 4, 1828. The plaintiff was administratrix of both estates. By 2 Revised Statutes, page 88, section 33, it is provided that "no part of the property of the deceased shall be retained by an executor or administrator, in satisfaction of his own debt or claim, until it shall have been proved to, and allowed by, the surrogate; and such debt or claim shall not be entitled to any preference over others of the same class." At common law an executor or administrator had the right to retain for his own debt due to him from the deceased, in preference to all other creditors of equal degree. This privilege extended not only to debts which he claimed beneficially, but to those to which he was entitled as trustee. (*Rogers v. Hoosack's Ex'rs*, 18 Wend. 319; *Plumer v. Marchant*, 3 Burr. 1380; Williams on Ex'rs, 1039.) This rule

is said to have resulted by operation of law, on the ground that it is absurd and incongruous that an executor or administrator should sue himself, or that the same hand should at once pay and receive the same debt. (Williams on Ex'rs, 1040; *Kyle* v. *Kyle*, 67 N. Y. 400.)

The Revised Statutes by the section quoted, abrogate this common-law rule, and the section as construed, confers upon the surrogate jurisdiction to adjudge and allow, or disallow a claim of an executor or administrator, whether legal or equitable, against the estate he represents. (*Kyle* v. *Kyle, supra; Shakespeare* v. *Markham,* 72 N. Y. 400; *Boughton* v. *Flint,* 74 id. 476.) It is insisted that the section applies only to debts or claims of an executor or administrator in his own right. We think this construction is too narrow. It would leave the common law in force as to claims held by an executor or administrator as such against another estate of which he was also the representative, and this could not have been intended. The words "his own debt or claim" include a claim as executor or administrator. An executor or administrator is the legal owner of the personal estate, and choses in action of the decedent, and in this case the plaintiff is also the sole beneficial owner of the demand in controversy. The reason of the rule giving the surrogate jurisdiction, applies as well to demands held by an executor or administrator in a representative character, as to those held in his own right. There is the same incongruity in his suing himself in the one case as in the other, or in his adjusting, as the representative of two estates, a demand of one estate against the other, and the same propriety in both cases in granting jurisdiction to the surrogate. The fact that the plaintiff's husband is joined with her as administrator of one estate, and that she is the sole administrator of the other is not material. (*Shakespeare* v. *Markham, supra.*) The decree of the surrogate disallowing the claim being valid, and in full force, is therefore a bar to this action.

This leads to a reversal of the judgment.

All concur, except MILLER and TRACY, JJ., absent.

Judgment reversed.