CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—April, 1889.

MATTER OF STRICKLAND.

*In the matter of the judicial settlement of the account of C. D. MURRAY, as administrator of the estate of DAN A. STRICKLAND, deceased.*

A Surrogate's Court, in order to carry out the powers with which it is vested, has incidental authority to try a claim disputed by the administrator, even though its exercise may involve the trying of a controverted demand.

Where an administrator allows a claim against the estate, it is not *res adjudicata* against the creditors or next of kin.   In the final accounting the wisdom of his action in allowing the demand against the estate may be litigated by them against the administrator, and passed upon, even though such a course may involve the trial of a disputed claim.

Section 2730 of the Code permitting any party "to contest the account with respect to a matter affecting his interest in the settlement or distribution of the estate," does not conflict with section 2743, for the dispute of the validity of a debt or claim there mentioned, has reference to a dispute by the administrator or executor.

Authorities stating that a claim admitted by the administrator "becomes an established and undisputed fact" cannot be taken literally; otherwise no court would have jurisdiction to pass upon the validity of a claim which had received the sanction of the administrator.

Where decedent had with a creditor open and unliquidated account containing money items, it is error for the administrator to allow interest on these items against the decedent.

ACCOUNTING of an administrator.

A. D. SCOTT, *for* C. D. MURRAY, *administrator.*

W. S. THRASHER, *for the contesting creditors.*

THE SURROGATE.—Chauncey Abbey presented a claim of about $3,000 to the administrator of Dan A. Strickland, deceased, and the same was allowed by him.

Upon the judicial settlement of the account of the said administrator, objections thereto were filed, and particularly to the claim of said Abbey.

The counsel for the administrator objects to the trial and consideration of such claim, on the ground that it involves the trial of a disputed claim, over which the Surrogate's Court has no jurisdiction.

After a thorough search I am unable to find that this precise question has been determined by the courts of our state.

That a Surrogate's Court possesses only a limited jurisdiction, and cannot ordinarily try a claim disputed by the administrator, has long been well established; but while that is so, it is equally well established that in order to carry out fully the powers with which a

Surrogate's Court is invested, incidental authority is lodged with the Surrogate, even though its exercise may impose upon him the burden of trying a controverted demand.

A brief examination of the authorities upon this vexed question may be of some service.

A Surrogate's Court has jurisdiction to try a disputed claim in favor of an administrator against his intestate. Code § 2739; Kyle v. Kyle, 67 *N. Y.* 400, 408; Boughton v. Flint, 74 *Id.* 476. And a claim against an administrator in favor of a decedent. Everts v. Everts, 62 *Barb.* 577; 7 *Paige* 112. And that too, though the claim be held by him as administrator of another estate. Neilley v. Neilley, 89 *N. Y.* 352. And one in which he is jointly interested. Shakespeare v. Markham, 72 *N. Y.* 400. And against a firm of which the accounting party is a member. Matter of Eisner, 5 *Dem.* 383. Also to try the question as to whether or not a claim has been rejected. Lambert v. Craft, 98 *N. Y.* 342; Bowne v. Lange, 4 *Dem.* 350; Hoyt v. Bonnett, 50 *N. Y.* 538. And to try a disputed claim in proceedings to sell real estate, and for the payment of the debts of the decedent. Code, §§ 2755, 2759; The Matter of Haxtun, 102 *N. Y.* 157; People *ex rel.* Adams v. Westbrook, 61 *How.* 138. To try the validity of a debt against the decedent, allowed and paid by the administrator. Matter of Frazer, 92 *N. Y.* 239. And to exercise such incidental powers as may be necessary. Code §§ 2743, 2481; Hyland v. Baxter, 98 *N. Y.* 610; Matter of Verplanck, 91 *Id.* 439–450.

The mode of procedure for an administrator to fol-

low, is extremely simple. A claim is presented to him; his duty is plain; he must either allow or reject it. If he rejects it, the statute provides for a reference for its determination, and it is relegated to another tribunal; but if he allows it, that is an establishment of the demand so far as he is concerned. His action in allowing the claim is not assuredly a finality, a *res adjudicata*, as against the creditors or next of kin. When he presents his account to be judicially settled, every account or item therein may be controverted; his entire management of the trust estate may be overhauled; the wisdom of his action in allowing demands against his intestate may all be litigated and passed upon, even though such a course may involve the trial of a disputed claim.

Suppose he pays a claim presented to him? The constant practice in the Surrogate's Court ratified by the Court of Appeals, Matter of Frazer, *supra*, is to try the claims paid by the administrator. Instead of paying the claims, the administrator may allow them and defer their payment until the distribution on his judicial settlement. This will be the proper course for him, if the property of the decedent is insufficient to pay his debts in full, and he can do that in any case. Whether paid, or simply allowed by him, he seeks distribution on all bearing his approval; in each instance, the controversy is over his account, between him and the next of kin or the creditors. The creditor whose claim is allowed is not a party at all to the proceeding, because he has complied with the statute, and his demand has received the sanction of the authorized representative of, the decedent. Now, sup-

pose after the claim has been presented and allowed, one half the same is paid by the administrator. He incorporates this in his account as a payment on this claim, and by the uniform practice of the court, this claim can be contested, although it involves the trial of a disputed claim, but the remaining half, which is also embodied in his account, and which he seeks to pay cannot be controverted if the position of the administrator in this proceeding is correct. If that is the law, we are in this anomalous situation; one half of the claim is within the jurisdiction of the Surrogate's Court to litigate, and pass upon, and determine fully; and the other half depending upon the same proof to sustain it, with precisely the same defence, and affecting the same parties, must either be turned over to another tribunal, or perhaps is absolutely established, with all the verity of a judgment of a competent court, by the action of the administrator in admitting the demand as a debt against the decedent. An absurdity of that kind can hardly be upheld.

So far as the distributees are concerned, there is no distinction whatever, between a claim paid by the administrator, and the one allowed by him but unpaid. In either case, he stands in the place of the creditor whose demand has received his approval; he is the real claimant, and the real party in interest, and is in the same predicament as if he was enforcing a personal demand; the controversy, if any, is between him and the next of kin, and over that the Surrogate's Court had jurisdiction. To be sure, this compels him to make a vicarious sacrifice of himself, but no more in the one case than in the other.

Section 2730 of the Code is amply broad to cover a case of this kind, as it permits any party to "contest the account with respect to a matter affecting his interest in the settlement and distribution in the estate."

Nor does section 2743 weigh against this, for the disputed claim there mentioned has reference to one disputed by the administrator; otherwise any claim paid would be without the pale of the jurisdiction of the Surrogate to consider, and to my mind that makes the test in all the cases.

There are many expressions in the authorities to the effect that a debt admitted by the administrator becomes "an established and undisputed debt against the estate." Lambert v. Craft (*supra*).

If this language is to be taken literally, no court would have jurisdiction to pass upon the validity of a debt that had received the omnipotent sanction of an administrator, for his allowance of a claim would give it all the weight and dignity of a judgment. It was never designed to give such power to an administrator.

In the case under consideration, it appears that Abbey and decedent were dealing together quite extensively, and each had an open and unliquidated account against the other, containing many items. In adjusting this account with Abbey, the administrator allowed him over $1,200 for interest in excess of that credited to the decedent. The allowance of this item was erroneous, and should be stricken out. Hand v. Church, 39 *Hun*, 303; McCollum v. Seward, 62 *N. Y.* 316; Mercer v. Vose, 67 *Id.* 56; McMaster v. The State of New York, 108 *Id.* 542, 557.