## SABATER v. SABATER.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

1. DIVORCE—JUDGMENT ON REPORT OF REFEREE.
   Where a reference to hear and determine has been ordered in an action for divorce, the court, in entering judgment, can insert no provision not authorized by the referee in his report.

2. JUDGMENT—UNAUTHORIZED PROVISION—MOTION TO STRIKE OUT.
   A motion to strike out is the proper remedy to correct a judgment which contained an unauthorized provision.

Appeal from special term, New York county.

Action by Josephine F. Sabater against Domingo M. Sabater. From an order denying a motion to strike from a judgment a direction that plaintiff recover from defendant the costs of the action, defendant appeals.   Reversed.

The action was brought for an absolute divorce. Issues were joined therein, and the action was referred to a referee to hear, try, and determine. The case was tried, and the report of the referee was made and filed, directing judgment for the plaintiff for an absolute divorce, alimony, and the custody of the children, but there was no direction for the payment or recovery of costs. A motion was made at special term for a confirmation of the referee's report and for judgment. The court awarded judgment in the usual form in favor of plaintiff, and, among other things, adjudged that the plaintiff recover of the defendant the costs of the action, specifying the amount thereof. Thereupon the motion was made and the order entered, from which order this appeal is taken.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

J. J. K. O'Kennedy, for appellant.
Edward Jacobs, for respondent.

WILLIAMS, J.   The court had no power to insert in the judgment the provision for the recovery of costs.   The referee had discretion to allow or disallow costs.   The special term had no such power.   It could insert no provision in the judgment not authorized by the referee in his report.   Jones v. Jones, 71 Hun, 519, 24 N. Y. Supp. 1031.   This provision in the judgment was unauthorized, and the remedy to correct the judgment in this respect was by motion to strike out.   It is doubtful if the question could be raised by appeal from the judgment.   Briggs v. Hilton, 99 N. Y. 517.

The order appealed from should be reversed, and the motion to strike out should be granted, but without costs of appeal or motion, because the plaintiff was the wife.   All concur.