(7 App. Div. 352)

### BARKER et al. v. LANEY.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

COSTS—RIGHT TO—EQUITABLE ACTION.

Where a party to an equitable action seeks to recover more than he is entitled to, and does not succeed entirely, but the decree is partly in favor of one party, and partly in favor of the other, costs will not be awarded to either.

Appeal from judgment on report of referee.

Action by Manderville J. Barker and Laura A. Laney, as executors of the will of Enos G. Laney, deceased, substituted as plaintiffs in place of said decedent, by whom the action was commenced on March 10, 1890, individually and as administrator of James Laney, deceased, against Mary K. Laney. There was a judgment in favor of plaintiffs, and defendant appeals. Modified.

Enos G. Laney died on the 25th day of March, leaving a will, and the present plaintiffs were named, and have qualified, as his executors. In November, 1893, an order was made substituting them as plaintiffs in this action, and reviving the action in their name, and the proceedings theretofore had were "directed to stand as the pleadings and proceedings in this action; and the evidence taken before E. M. Morse, referee, so far as it was applicable, was by said order to stand as the evidence in the action so revived." The action has been twice tried before Mr. Morse, as referee. Upon the first trial there was a recovery of $7,637.02 damages, besides costs. The defendant took an appeal, and the judgment was "reversed, and a new trial granted, with costs to abide the event of the action unless the plaintiffs stipulate within twenty days after the service of the order to reduce the recovery by the sum of $1,934.40, as of the date of the report of the referee; and, in case such stipulation be given, the judgment be, and the same is, affirmed for the sum of $5,612.04, without costs of the appeal to either party." After the entry of an order upon that decision, no stipulation was given, and a second trial was in progress at the time of the death of Enos G. Laney. The judgment now appealed from was entered on the 2d day of October, 1894. The complaint presents an equity action, in which the plaintiff states that on the 20th of February, 1888, a decree was made by the surrogate "judicially settling the accounts of this plaintiff as such administrator, and directing the payment to this defendant of the sum of five thousand eight hundred fifty-five dollars and fifty-six cents ($5,855.56) as and for her share of the residue found by said decree in the hands of this plaintiff, as administrator, to which said defendant was entitled as widow of said James Laney, deceased." That decree was subsequently modified by the general term by a decree entered on the 27th of December, 1889, and the sum ordered to be paid to the defendant was reduced to the sum of $5,881.30. The complaint further alleges that the plaintiff, between the 4th of April, 1885, and the 6th day of February, 1890, advanced to the defendant, at various times and in various amounts, a large sum of money; and it alleged that no part of the moneys advanced as aforesaid was due the defendant "except in the manner and amount directed by said surrogate's decree to be paid said Mary K. Laney, as her share of the estate of said deceased, and that no part of said moneys so advanced has been repaid to plaintiff by defendant." The complaint also contained an allegation that in March, 1890, after the advances were so made, the defendant obtained a transcript of the surrogate's decree, as it was modified, and caused the same to be docketed in the clerk's office of Monroe county, and caused an execution to be issued thereon, and delivered to the sheriff of Monroe county, with directions to levy $5,881.30, and that a levy was made upon the property of Enos G. Laney, and that the sheriff was about to make sale thereof when this action was commenced. The complaint asked that it be adjudged that the plaintiff "has paid to the defendant $5,881.30, directed to be paid to Mary K. Laney by the decree made by the surrogate, * * * and modified on the 27th day of December, 1889, and that said judgment or decree be satisfied of record." The complaint further prayed that the defendant may be adjudged to pay to the plaintiff the damages sustained by him by reason of the said trespass,—"the said trespass as above set forth,—in the sum of five thousand dollars." It also contained a prayer that the defendant be adjudged to account to the plaintiff for all moneys advanced to the defendant, with interest thereon, and that the defendant "be adjudged to pay to the plaintiff the sum of four thousand five hundred sixty-seven dollars and seventy-seven cents ($4,567.77), with interest on the various sums advanced as aforesaid, from the dates they were so advanced." It also contained a prayer asking

for an injunction restraining the enforcement of the surrogate's decree. The answer consisted of numerous denials and an averment of several proceedings had in the surrogate's court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Q. Van Voorhis, for appellant.
Frederick W. Smith, for respondents.

HARDIN, P. J. Defendant interposed a demurrer to the complaint, and also made a motion to dissolve the injunction. The demurrer was overruled, and an order was granted denying the motion to dissolve the injunction. An appeal was taken from the interlocutory judgment, and also from the order denying defendant's motion to dissolve the injunction. A decision was made upon the appeal, and is found reported in 11 N. Y. Supp. 319. It was held at that time that the complaint sufficiently stated a cause of action. It was also stated that, under the circumstances disclosed by the complaint, "it was necessary that plaintiff should bring the action both in his individual and his representative capacity, to obtain full relief." The judgment overruling the demurrer and the order denying the motion to dissolve the injunction were sustained. In the course of the opinion delivered in that case, it is said:

"The complaint alleges with sufficient certainty the payment of the moneys therein stated, and obviously meant that she had received more than enough out of the estate to pay her decree, and that it should be adjudged satisfied. * * * The matters alleged in the complaint could not be tried in the surrogate's court so as to secure the moneys to be set off against the defendant's claim. In such cases a party having an equitable set-off can come into this court for relief,"—citing Railroad Co. v. Haws, 56 N. Y. 175.

It must be assumed that the criticisms made upon the complaint at the trial now under review were treated by the referee as unavailing; and due deference to the decision made when the demurrer was under consideration leads us to the conclusion that the complaint sufficiently presented the facts and circumstances relied upon by the plaintiff to have awarded the relief granted by the referee upon the trial now brought in review. Laney v. Laney (Sup.) 11 N. Y. Supp. 319. Upon the first trial before the referee an opinion was delivered by him in connection with his findings, and that opinion is reported in 19 N. Y. Supp. 518. Following that opinion is the opinion delivered by Lewis, J., in the general term, which seems to approve of the course of the trial in the cases before the referee on the first occasion as well as on the second occasion; and that opinion expressly approves of the finding of the referee that the payments made by the defendant by the checks amounted to $23,650; and the conclusions reached by the referee, and the mode of reaching them, were approved in the opinion, except as to the item of $1,560, being for rent of the Elm street house, occupied by Enos Laney. The plaintiff was then given an opportunity to stipulate to deduct from the amount of his recovery that item, by way of stipulation, so as to leave the judgment for $5,612.04; and it was provided that, if the stipulation was given, the judgment for

that amount should be affirmed. The plaintiff omitted to give the stipulation, and elected to have a second trial, and the referee seems to have followed closely the doctrine laid down in the opinion reviewing his former trial.

The appellant, however, challenges the report of the referee on the ground that some parts of it are unsustained by the evidence. Upon a careful inspection of the record, it is quite apparent that the conclusions of the referee are sustained by the evidence given before him on the trial now brought in review. The mode of stating the interest and allowance upon the sundry items was the mode that was adopted on the first trial. It seems to have been approved in the opinion of Lewis, J., and the rule thus sanctioned has become the law of this case, and the method adopted ought not to be disturbed, reviewing the action of the referee under the opinion so delivered. The referee reached the conclusion that the execution issued, mentioned in the complaint, was regular, and that the levy made by the sheriff upon the property of Enos Laney was sufficient to pay the amount of the execution, and that the plaintiffs are entitled to an accounting for the "moneys loaned, advanced, and paid by said Enos G. Laney to and for said defendant, as specified in the finding of fact"; and he also reached the conclusion that the plaintiffs were entitled to a judgment adjudging the decree of the surrogate's court, as it was modified December 27, 1888, which directed the payment by Enos G. Laney to the defendant of $5,881.30, paid, and also directed the decree to be satisfied of record. The referee also sustained the injunction restraining the enforcement of that decree. The plaintiffs have not recovered a more favorable judgment than they might have retained had they given the stipulation which they were afforded an oportunity to give by the decision of the general term when the case was decided as reported in 19 N. Y. Supp. 518.

It is insisted in behalf of the defendant that, because no formal demand was made before the commencement of this action, the plaintiff was not entitled to recover the balance found against her. This is an action in equity, and it is apparent that the recovery of the balance found against the defendant is an incident to the main objects of the action, and a careful inspection of the record seems to indicate that, at the time this action was commenced, the defendant had assumed an attitude inconsistent with the right of the plaintiff to have the balance of the account for moneys advanced to her repaid. Besides, when the action was before the court upon the hearing of the questions raised by the demurrer, the complaint as it now stands was sanctioned.

When the case was before the referee on the first occasion, he stated in the opinion then delivered that the advances to the defendant alleged in the complaint were not made on account of her distributive share; and he also stated that:

"The moneys for which the plaintiff claimed credit on the first accounting were a part of those proved in this action, and the surrogate's court expressly adjudged that they be stricken out of the plaintiff's account, because they related to transactions not involved in that proceeding, and of which the

court had no jurisdiction. In the second accounting, the plaintiff did not include advances in payments made since the first accounting, and of the same character as those stricken out in the first one. The surrogate's court has not decided whether these advances be allowed or disallowed. It has simply declined to consider the question, and this court has at both special terms and general terms approved the decision of the surrogate's court."

The view taken by the referee on the first occasion was approved of by the opinion of Lewis, J., to which reference has already been had; and it is not deemed necessary to refer further to that question to answer the contention now made in behalf of the appellant in that regard. This case differs from Neilley v. Neilley, 89 N. Y. 352, as in that case the administrator, having a claim against the estate of which he was administrator, by presenting it to the surrogate, and having it acted upon, submitted to the jurisdiction of the surrogate, and the determination made by the surrogate was then held to be a bar to a subsequent action to recover for the claim.

We think the learned referee fell into an error in awarding costs against the defendant. The action has failed in some of its important aspects mentioned in the complaint. The plaintiff asked for a judgment of $5,000 for an alleged trespass in issuing an execution for the enforcement of the decree that the defendant had obtained. In that branch of the complaint the plaintiff has been unsuccessful. It was entirely reasonable for the defendant to defend, as she has successfully, against that claim. The case therefore falls within the general rule that where, in an equity action, the party seeks to recover more than he is entitled to, and does not succeed entirely, and the victory is a part to the plaintiff and a part to the defendant, the costs should be awarded to neither party. Law v. McDonald, 9 Hun, 23; Mandeville v. Avery (Sup.) 17 N. Y. Supp. 429; West v. City of Utica, 71 Hun, 546, 24 N. Y. Supp. 1075, and cases cited; Cross v. Smith (Sup.) 32 N. Y. Supp. 676, 677. Besides, when the plaintiff refused to give the stipulation authorized by the general term, and insisted upon a new trial, it cast an unnecessary burden upon the defendant, as appears by the result of the second trial. Under all the circumstances of the case, we have reached the conclusion that the report of the referee and the judgment entered thereon should be modified by eliminating therefrom the costs of the action.

Judgment modified by striking out the award of costs of the action, and, as so modified, affirmed, without costs to either party on this appeal. All concur.