(25 Misc. Rep. 457.)

STEVENS et al. v. WEISS et al.

(Supreme Court, Special Term, Onondaga County. December, 1898.)

1. REFERENCE—FAILURE OF REFEREE TO ALLOW COSTS—EFFECT.
    Where an issue is referred under a complete reference, the failure of the referee to award costs has the same effect as though he had explicitly refused to allow them.
2. SAME—EQUITABLE ACTION.
    Where reference is made in an equity case, and plaintiff fails to sustain more than half his claim, it is proper for the referee to deny him costs.
3. SAME—MOTION TO REVIEW.
    Where an issue is referred under a complete reference, the report of the referee cannot be reviewed on motion at special term for the purpose of allowing costs, where he has failed to do so.

Action by Charles E. Stevens and others against Louise Weiss and others. Motion to confirm referee's report. Denied.

August C. Stevens, for plaintiffs.
Luddington & Kennelly, for defendant Weiss.
Louis P. Lang, for defendant Hookaway.

HISCOCK, J. This is a motion, in form, to confirm a referee's report, upon which the question raised is of plaintiff's right to costs. The action was brought to foreclose a mortgage, plaintiffs claiming that there was due and unpaid under it something over $700. After

the action was at issue, it was referred under a full and complete refer-ence,—"to hear and determine the same according to the rules and prac-tice of this court." The referee appointed duly heard the case, and made his report, determining the rights of the parties, and whereby he found that there was due to plaintiffs upon their mortgage the sum of $242.31. He did not allow or affirmatively disallow costs to any of the parties,—instead, placing in his report the following provision:

"I find that both parties to this action have acted in good faith. In view of the fact that there has been a substantial reduction of the amount claimed, I have refrained from passing on the question of costs. I prefer to leave that question for the determination of the court upon motion to confirm this re-port."

The plaintiffs now ask that they be awarded such costs.

The failure of the referee to award plaintiffs costs had the same effect as though he explicitly refused to allow them. This being an equity case, and, especially, the plaintiffs having failed to sustain more than half of their claim, it was entirely proper for him to deny them costs. Barker v. Laney, 7 App. Div. 352, 40 N. Y. Supp. 66. And I do not be-lieve that this court, at special term, has any power to review, reverse, or supplement his action in this respect. Even in an action for di-vorce, where the decision and report of the referee are expressly made subject to the confirmation of the court at special term, it has been held that the court there sitting cannot allow costs, where the referee has failed to do so. Sabater v. Sabater, 7 App. Div. 70, 39 N. Y. Supp. 958. The case at bar is still stronger against plaintiffs' motion. Un-der the reference made, it was the power and duty of the referee to com-pletely determine the issues in the case, and make a report and find-ings, upon which judgment could be rendered without any further ap-peal to the court. This he seems to have done, and no motion to con-firm his report was necessary or proper. The court has no power to take his report under review for the purpose of allowing costs, where he has failed to. Kennedy v. McKone, 10 App. Div. 97, 41 N. Y. Supp. 782. The motion is therefore denied, but without costs.

Motion denied, without costs.