(90 App. Div. 477.)

CLARK v. SMITH et al.

(Supreme Court, Appellate Division, Fourth Department. January 29, 1904.)

1. DEFAULT JUDGMENT—LIABILITY FOR ENTERING BY MISTAKE.

A check, not being paid on presentation, was sent by the payees to a commercial agency for collection from the maker, and, the latter not responding, the agency gave it to an attorney, who sued thereon, and then informed the maker of the amount due and the time for entering judgment. The maker thereupon remitted the amount to the payees, and in their absence it was received by their bookkeeper, who was ignorant of the suit, and, in the absence of instruction, awaited the return of his employers, who therefore did not actually know of such payment until after the attorney, who was not informed that the money had been sent, had entered a default judgment and issued execution thereon, and was thereupon informed that the money had been paid. *Held*, that neither the attorney nor the payees, who had each acted in good faith, were liable for the entry of the judgment, and, without a demand and refusal to satisfy the judgment, they could not be charged in equity with any invasion of the maker's rights.

2. EQUITABLE ACTION—AWARD OF DAMAGES WITHOUT EQUITABLE RELIEF.

An award of damages incident to the enforcement of equitable rights cannot alone sustain the judgment in an equitable action, where plaintiff fails to establish his right to equitable relief.

Spring and Hiscock, JJ., dissenting in part.

Appeal from Judgment on Report of Referee.

Action by John F. Clark against Edward P. Smith and others to cancel the record of a judgment alleged to be a cloud on title, and for damages. From a judgment entered on the report of a referee in favor of plaintiff, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Edward K. Clark, for appellant S. M. Smith.

S. M. Smith, for appellants E. P. Smith, E. H. Kinney, and Fannie G. Smith.

M. H. & W. J. Powers, for respondent.

STOVER, J. Plaintiff made his check, dated May 15, 1902, for $83.43 to pay his indebtedness to defendants Smith, Kinney & Co. The check was not paid on presentation, and on May 24th was placed with R. G. Dun & Co., at Binghamton, for collection. Plaintiff resides in Florence, Oneida county, and defendants in Binghamton, Broome county. The agent of Dun & Co. (Parsons) wrote to plaintiff requesting payment of the check, and, receiving no response, gave the check to defendant S. M. Smith, an attorney at Binghamton, for collection. An action was brought upon the check on June 12th. On June 15th the attorney, on his own motion, wrote plaintiff that the time to enter judgment would be July 3d, and that the costs would be $19.62. Plaintiff did not reply to this letter, but on June 30th sent the letters of the attorney and of Parsons, and $103.05 in currency, to the defendants Smith, Kinney & Co., at Binghamton, by registered letter. The attorney, having no knowledge of the sending of the money, entered judgment by default on July 3d. It is found that the attorney acted in good faith. He is in no way related to or connected with the other defendants. The money sent by registered letter was received by the

bookkeeper of the defendants Smith, Kinney & Co. on July 1st. At that time Kinney had left the city, and did not return until the 12th. Defendant Smith, his partner, was absent in the Adirondacks during all of July, and the other defendant Smith, a woman, gave no personal attention to the business. None of the defendants' firm had actual knowledge of the sending or receipt of the money until on or after July 12th. Judgment was entered in Broome county July 3d, and a transcript filed in Oneida county for $105.43 on July 5th, but the deputy sheriff calling on plaintiff, being told that this claim had been paid, took no proceedings to enforce the judgment. On July 10th the attorney, then for the first time learning of the payment, withdrew the execution, and wrote plaintiff that the money sent by plaintiff was received by the bookkeeper in the absence of the members of the firm, and that the judgment would not have been entered if it had been sent to the attorney. On August 5th the sheriff requested his fees from the attorney, and on the 6th the attorney wrote plaintiff stating the fact that on payment of the balance of $2.20 the judgment would be satisfied. On August 12th this action was brought against the attorney and the members of the firm, and on September 18th the judgment was satisfied by the attorney on his own motion. No demand for the satisfaction of the judgment was ever made. The referee found that plaintiff was entitled to nominal damages of $21 and costs.

The plaintiff was not entitled to recover, either at law or in equity. No cause of action was proven against the attorney. He had no knowledge of payment, and was not chargeable with any knowledge of the defendants or their agent or servant. He was bound, in the discharge of his duty and for his own protection, to enter judgment upon the failure of the defendant (the plaintiff here) to appear in the action. No argument should be needed to establish the attorney's freedom from liability. This action being in form one in equity to remove cloud upon title, plaintiff was bound to do equity himself, and could not hold the defendants responsible for a mistake which occurred through his own carelessness or willful act. It is quite evident that the judgment was entered without knowledge on the part of the attorney, or of the agent of R. G. Dun & Co., who had the direct management of the collection of the claim, that any sum had been paid. If the plaintiff had followed ordinary and usual business methods, he would have sent the money to the attorney, or at least notified him of having sent it to the defendants. This would undoubtedly have prevented the entry of judgment.

It is true, perhaps, that defendants' firm were bound by the acts of their agent, but a tender of the amount to the bookkeeper would not have been a good tender. The bookkeeper had no knowledge of the suit, and, in the absence of instructions, awaited the return of his principal. Were this condition brought about by the negligent or willful act of the defendants, they might be said to be acting in bad faith, but no such charge is made, and it must be conceded that all of the defendants acted in good faith, but under a mistake of facts. Plaintiff himself, having brought about the condition, cannot charge defendants with the result. He was bound to do all within his power to rectify his mistake. He could not, until a demand had been made upon the defendants to satisfy the judgment, and a refusal on their part

to do so, charge them with bad faith or any inequitable invasion of his rights. Plaintiff, failing in his right to equitable relief, cannot recover the damages, if any were sustained. The award of damages is an incident to the enforcement of equitable rights, but cannot of itself sustain a judgment in an equitable action. The equities failing, the action must fail.

There was no evidence upon which to base a finding of damage. The referee finds the damages nominal—$21. An examination of the evidence satisfies us that there was no competent evidence upon which this finding could be based. But the referee has found that damages were only nominal. Therefore, the equities being against the plaintiff, the judgment already having been satisfied and the cloud upon the title removed, there was nothing for the referee to pass upon, and the complaint should have been dismissed upon the merits.

Judgment reversed, and new trial granted, with costs to appellants to abide the event.

McLENNAN, P. J., and WILLIAMS, J., concur.

SPRING, J. (dissenting). I concur in that part of the prevailing opinion which reverses the judgment as to S. Mack Smith, but dissent from the residue thereof.

The plaintiff in the present action, upon ascertaining the amount of the claim, with costs, sent a check for the same to the plaintiffs in the action against him. He accompanied it with his own letter explaining for what purpose the check was sent, and also inclosed a letter from the plaintiffs' attorney in the action, stating the amount of costs, and also one of Mr. Parsons, the agent of the collecting agency, pertaining to the claim. While, technically, Mr. Clark should have sent the check to the attorney in the action, there is no indication that he was acting maliciously. The fact that he sent the correspondence and the full amount of the claim and costs shows that he was simply seeking to pay the obligation against him. The bookkeeper of the plaintiffs in that action received the check, but did not advise the attorney thereof, although he resided in the same city as the plaintiffs. Later, one of the members of the firm, who was absent at the time, received the check, ratifying the transaction. In the meantime judgment was entered by the attorney, as we must assume, in good faith, and an execution issued against Mr. Clark. This judgment was, of course, a lien upon his land. He conceived that his credit had been impaired, and that he had sustained other damages, by the entry of this judgment and the issuance of the execution. He was a grocer, buying goods, with outstanding obligations against him, and very naturally might have suffered damage as he claims. I think two remedies were open to him: In the first place, he could make a motion in that action to open the judgment which had been entered against him by default. That would not have enabled him to recover the damages which he contended he had sustained. The action against him was one at law, and the damages which he claims to have sustained arose subsequent to the commencement of the action. He also had another remedy. That was an equity action to set aside the judgment as a cloud or lien upon his real estate.

Barker v. Laney, 7 App. Div. 352, 40 N. Y. Supp. 66; Van Etten v. Hasbrouck, 4 N. Y. St. Rep. 803; Buffum v. Forster, 77 Hun, 27, 28 N. Y. Supp. 285; Clapp v. McCabe, 155 N. Y. 525–533, 50 N. E. 274; Shaw v. Dwight, 16 Barb. 536; Pomeroy's Equity Jurisprudence, § 1362 et seq. This remedy was especially available to him, as he sought to recover damages by reason of the improper entry of this judgment, and also to restrain its enforcement. He might therefore in the one action obtain the setting aside of the judgment, and, incidental thereto, recover the damages to which he was entitled. The referee in his report designates the damages which he awards to the plaintiff as a "nominal sum." It is unimportant how he characterizes the amount, for he states the sum to be $21.

After the commencement of the action the judgment was satisfied voluntarily at the instance of the judgment creditors. There was no offer or suggestion upon their part that they were willing to pay any damages, or to have the action discontinued, or that the satisfaction should in any way affect the pending action. There was no other course, therefore, open to the present plaintiff, except to prosecute the action. This was the situation when it was presented to the referee, and it being an equity action, although the damages awarded were small, he allowed costs to the plaintiff, which he was justified in doing. At the time of the commencement of the action the judgment was a lien, so that the action was properly commenced, and it was necessary for the present defendants to take the initiative if they desired to be relieved in any way by reason of the satisfaction of the judgment. The attorney for the judgment creditors was insisting upon the payment of a further sum before satisfying the judgment. It was consequently unnecessary to demand the satisfaction and the payment of the damages before commencing the action. In any event, the only bearing of a demand was upon the question of costs, and that subject was within the discretion of the referee.

The judgment should be affirmed, with costs as to all the defendants, except S. Mack Smith.

HISCOCK, J., concurs.