## TAYLOR v. TAYLOR.

(Supreme Court, Special Term, New York County. April 30, 1909.)

COSTS (§ 73*)—POWER TO AWARD COSTS—AUTHORITY OF COURT.

Where a case is tried by a referee, who reports in favor of plaintiff, but with no direction as to costs, and there is no provision for costs in the interlocutory judgment confirming such report and findings, the plaintiff, on an application for final judgment, cannot be allowed costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 308; Dec. Dig. § 73.*]

Action by Jessica Keene Taylor against Talbot J. Taylor. Motion for final judgment.

Guggenheimer, Untermyer & Marshall, for plaintiff.
Jay & Candler, for defendant.

GIEGERICH, J. The issues were referred to a referee to hear, try, and determine. The case was tried, and the referee reported in favor of the plaintiff; but no direction for the payment of costs is contained either in his report and findings, or in the interlocutory judgment confirming such report and findings. The plaintiff now applies for final judgment in a form which contains a provision for the payment of costs.

The referee had the discretion to allow or disallow costs. Since he did not award any, the court at Special Term has no power to do so. Sabater v. Sabater, 7 App. Div. 70, 39 N. Y. Supp. 958; see Stevens v. Weiss, 25 Misc. Rep. 457, 55 N. Y. Supp. 562. In motions of this character the court cannot reverse, add to, or subtract from, the decision made by the referee, and no provision not authorized by the referee can be inserted in the judgment applied for. Jones v. Jones, 71 Hun, 519, 524, 24 N. Y. Supp. 1031; Sabater v. Sabater, supra; Goldner v. Goldner, 49 App. Div. 395, 399, 63 N. Y. Supp. 431; Code Civ. Proc. § 1774.

The provision as to costs has therefore been stricken out, and, as thus corrected, the final judgment has been signed.