EXECUTORS AND ADMINISTRATORS (§ 484*)—DISTRIBUTION OF ESTATE—TRUST FUND.

Where a trust was created for the benefit of testator's son and the son's family, and the trust fund was charged with such advances by the testator to his son as the executors should in their discretion determine. and such debts of the son at the testator's death as the executors should elect to pay, the executors should exercise their discretion as to these matters before their final accounting as executors and before the trust fund was constituted, and should be required on their final accounting, where the existence of any debts of the son is denied, to state what debts existed as to which the executors claimed authority to exercise their discretion.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2067; Dec. Dig. § 484.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs..1907 to date, & Rep'r Indexes

In the matter of the judicial settlement of the account of Henry Bischoff, Jr., and another, as executors and trustees under the will of Henry Bischoff, deceased. Decree entered.

See, also, 133 App. Div. 944, 118 N. Y. Supp. 1095.

Louis Hasbrouck, for executors.

Clark A. Wick, for Eva P. and Sadie C. Bischoff.

Rounds & Schurman, for Harry A. E. J. von Frankenberg.

FOWLER, S.  The questions in this matter, which were argued before my predecessor but left undecided by him, and which have been reargued before me, are presented in this proceeding brought for the judicial settlement of the accounts of the executors and trustees, and concern the construction and validity of certain provisions of the will of decedent.  These provisions in subscance and effect direct his executors to hold in trust two portions of his residuary estate during the life of one of his sons, and to pay the net income thereof to the said son or to his wife, or for the benefit of his family for his and their support. Testator expressly charged the said trust fund with any advances which had been made to his son by him in his behalf, and which his executors, in their discretion, shall or may charge or consider as advances; nevertheless power and discretion being given to his executors to remit or cancel each or any of such advances.  The executors were given full power in their discretion to use such portion or portions of the principal of this trust fund toward the payment of any debts or obligations that the said son may have been under or may have incurred prior to the testator's death, or which may then be valid and existing claims against him, thereby reducing the principal sum of this trust fund; but it is provided by the testator that this power shall vest only a discretionary right in his executors alone to make such payments, and is not mandatory.  In order to provide against any attempt to prevent any of the testator's desires as expressed from taking effect, he directs that such of his children and legatees and devisees as shall attempt to contest his will or seek to prevent it from taking effect as to any or all of its provisions shall be forever barred from all or any participation in the "distribution of his estate."  The share of the person so contesting was to go to such of testator's children as did not contest, share and share alike.  The testator appointed one son and one daughter as executors and trustees under the will.

The accountants claim and ask this court to adjudge that the power given to the executors to charge the capital of the trust fund created for the benefit of the son of the testator, his wife and family, with advances made to him by or in behalf of the testator, or with debts due by him to the testator, and with the payment of any other valid debts or obligations of the son existing at the time of the death of the testator, thereby reducing the principal of the trust fund to be invested, is a valid power, and persists and inures to the benefit of the trustees of the testator during the son's life.

On behalf of certain beneficiaries of said fund it is urged that not only does this power not continue and inure to the benefit of the trus-

tees, but that it is void both as to them and to the executors as well, and that the provision of the will attempting to give the executors and trustees the right to charge the principal of the trust fund created as aforesaid with such debts and advances as the executors in their discretion may decide is void, and that the provision in relation to the forfeiture of interests of parties contesting the will has no application to the action which they have taken. They further insist that they are entitled to have the capital of the fund that is to afford them their income now definitely ascertained and certainly and permanently fixed by the decree in this proceeding, and for this purpose the accountants be required at once to decide whether or not they elect to exercise the power they claim to possess of charging such capital with the alleged advances and debts referred to in the will. I think the beneficiaries are right in so insisting, and that the accountants should now decide what action they propose to take respecting the exercise of the power mentioned. There is nothing to prevent this either in the condition of the estate or in the provision of the will as to the deduction of the debts and advances mentioned, and this irrespective of whether the provision is valid or invalid. Besides, the beneficiaries deny that any such debts or obligations of the son as are referred to in the will existed at the time of testator's death, or that any such advances mentioned therein were made to the son. In view of this denial, I think it is incumbent on the accountants, if they dispute the denial, specifically to state the debts, their amounts and the names of the alleged creditors, and the advances made. A definite issue would then be made which would have to be disposed of before the questions raised as to the validity of the provisions of the will attacked, and the effect of the forfeiture clause therein upon the interests of those making the attack can be considered. A determination of that issue favorable to the beneficiaries would obviate the necessity of making a determination in respect to such questions, as they would then become entirely immaterial and academic. That issue as a necessary preliminary and as incident to their disposition I think I am called upon and have the power to decide (Tappen v. M. E. Church, 3 Dem. Sur. 187; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599; Matter of Young, 92 N. Y. 235), and the fact that the court has no power to make a judgment that as between the son and his alleged creditors would affect them or be of binding force is no objection to my making such decision (Matter of Strickland, 1 Con. Sur. 435, 439, 5 N. Y. Supp. 851; Matter of Knab, 38 Misc. Rep. 717, 78 N. Y. Supp. 292; Matter of Warrin, 56 App. Div. 414, 67 N. Y. Supp. 763; Matter of Frazer, 92 N. Y. 239; Matter of O'Connell, 33 App. Div. 483, 53 N. Y. Supp. 748; Matter of Watson, 115 App. Div. 310, 100 N. Y. Supp. 993; Fowler v. Lockwood, 3 Redf. Sur. 465.

The accountants are allowed 15 days to take such action as is necessary to conform to the requirements of this opinion.

Decreed accordingly.